KNOX COUNTY COURT *v.* UNITED STATES *ex rel.* GEO. W. HARSHMAN.

SAME *v.* UNITED STATES *ex rel.* DAVIS.

SAME *v.* UNITED STATES *ex rel.* WELLS and Others.

MASON COUNTY COURT *v.* HUIDEKOPER, Relator.

BAKER, Treasurer, *v.* UNITED STATES *ex rel.* DAVIS.

ALL, IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued October 26th, 1883.—Decided November 12th, 1883.

*Municipal Bonds—Taxation.*

Bonds of the kind involved in these suits are debts of the county. Holders are entitled to payment out of the general funds of the county raised by taxation for ordinary use, after exhausting the special fund. The majority of the court adhere to the rulings in *United States* v. *Clark County*, 96 U. S. 211; *United States* v. *Macon County*, 99 U. S. 582, 589; and *Macon County* v. *Huidekoper*, 99 U S. 592.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In *United States* v. *County of Clark*, 96 U. S. 211, it was decided, at the October term, 1877, that bonds of the character of those involved in the present suits were debts of the county, and that for any balance remaining due on account of princi-

pal or interest after the application of the proceeds of the special tax of one-twentieth of one per cent., the holders were entitled to payment out of the general funds of the county. This, we all agree, means that the payment of this balance is demandable out of funds raised by taxation for the ordinary county uses. The mandamus applied for in that case was one "requiring the county court and the justices thereof to direct the clerk of the county to draw a warrant on the county treasurer for the balance of the judgment remaining unpaid, so that he might be enabled, on its presentation, to have it paid in its order out of the county treasury," and there was no fund out of which the payment could be made, except that raised by taxation for ordinary county uses. By the judgment of this court such a mandamus was awarded.

At the next term, in 1878, the point thus decided was explicitly stated in *United States* v. *County of Macon*, 99 U. S. 582, 589, and in *Macon County* v. *Huidekoper*, Id. 592, a majority of the court adhered to the decision and ordered judgment accordingly. It was conceded on the argument that all the judgments now under consideration must be affirmed unless these cases are overruled. This a majority of the court are unwilling to do, and judgments of affirmance are, consequently, ordered.