## MACON COUNTY *v.* HUIDEKOPER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 615. Argued January 17, 20, 1890. — Decided March 17, 1890.

The power, conferred by the statutes of Missouri upon counties within the State, to levy and collect annually a tax of one-half of one per cent upon all the taxable wealth of the county for county revenue, is not exhausted by a levy of thirty cents on every one hundred dollars of taxable property for county purposes, and the levy of twenty cents on the same by the board of townships for township and bridge purposes; and a judgment creditor of such a county has a right to require it to impose further taxation, within the limit of the unexhausted power, for his benefit.

ON the 19th of November, 1879, the relator, Alfred Huidekoper, recovered in the Circuit Court of the United States for the Eastern Division of the Western District of Missouri, a judgment against Macon County, in that State, for $28,033.00, and costs, upon interest coupons detached from certain bonds issued May 2, 1870, by that county to the Missouri and Mississippi Railroad Company, under the authority of the 13th section of the act incorporating the company, approved February 20, 1865. The judgment not having been paid, and pursuant to a mandate of the court, a warrant was issued, dated April 29, 1884, upon the treasurer of the county, directing him to pay to the relator $35,677.47 out of the general funds of the county in payment of that judgment. This warrant represented the judgment with interest and costs. It was on the same day presented for payment to the treasurer

of the county, and its payment was refused for alleged want of funds.

The 13th section of the act incorporating the Missouri and Mississippi Railroad Company provided that "it shall be lawful for the corporate authorities of any city or town, or the county court of any county, desiring to do so, to subscribe to the capital stock of said company, and may issue bonds therefor and levy a tax to pay the same not to exceed one-twentieth of one per cent upon the assessed value of taxable property for each year." It was under the authority thus conferred that the county court of Macon County subscribed for stock in that company and issued the bonds in payment of its subscription, upon coupons of which the judgment of the relator was recovered.

The laws of the State of Missouri existing at the time of the issue of the bonds and coupons, namely, May 2, 1870, authorized the county court of Macon County to levy and collect annually a tax of one-half of one per cent upon all the taxable wealth of the county for county revenue, in addition to the one-twentieth of one per cent tax authorized by the charter of the railroad company.

In *United States* v. *County of Clark*, 96 U. S. 211, it was held that bonds similar to those upon which the coupons were issued for which the judgment here was recovered, were debts of the county as fully as any other of its liabilities, and that if any balance remained due on them for principal or interest, after application of the proceeds of the specific tax of one-twentieth of one per cent, the holders were entitled to its payment out of the general funds of the county. And in the decision of five cases arising upon similar bonds before the court at the October term of 1883, *Knox County Court* v. *Harshman*, 109 U. S. 229, it was held that the payment of any such balance was demandable out of funds raised by taxation for ordinary county uses.

It appeared that for the year 1885 the county court of Macon County ordered that the levy upon every one hundred dollars of valuation of taxable property in that county for county revenue should be thirty cents, instead of fifty cents

authorized by law, and that the revenue should be apportioned as follows : to the salary fund, one-third ; to the contingent fund one-fifth ; to the poor-house fund, one-fifth ; to the road and bridge fund, one-sixth ; and to the jury and election fund the balance ; and that its clerks certify that order to the treasurer. The relator thereupon made a demand upon the county to annul and rescind this order of apportionment, and to increase the tax levy for the current year of 1885 from thirty cents to the fifty cents authorized by law upon every one hundred dollars valuation of taxable property in the county, and to apply the proceeds of such tax to the payment of the relator's judgment and warrant. This demand being refused, he prayed for a further writ of mandamus directing the county court and the justices thereof to make the order and take the proceedings demanded.

Subsequently, on motion of the relator the court entered an order requiring the county court of Macon County and its treasurer to make and file in court on the first Monday in March, 1886, full returns and statements under oath relative to the administration of the county revenue after the first of January, 1884, to the date of filing their returns, stating the value of the property assessed for the years 1884 and 1885, what taxes were levied thereon for county revenue and when, what amounts were collected on said levies, what dispositions were made of the amounts so collected, what subdivisions into special funds had been made of the county revenue, what payments had been made to each fund, and what balance remained on hand to the credit of each of the funds, and to the credit of the general fund, and what warrants had been theretofore issued and registered drawn on the general fund, and what, if any, payments had been made thereon.

In November, 1885, the county court filed an amended return to the mandamus issued, its original return having been lost, admitting that the county is a municipal corporation whose financial affairs are administered by a county court, that the relator recovered the judgment stated, and procured the warrant on its treasurer in the manner alleged, that the warrant was unpaid, and that by the law of Missouri, at the time of

the issue of the bonds, the county court was authorized to levy and collect a tax of one-half of one per cent upon all the taxable wealth of the county for county revenue, in addition to the one-twentieth of one per cent authorized by the charter of the company.    But it set up that the county had levied for the year 1885 upon all the taxable wealth of the county of every kind and description the full sum of fifty cents on the one hundred dollars' valuation thereof as would appear by the exhibits which it presented, and made a part of its return, and stated that it had apportioned the revenue as above mentioned. It appeared also that the township boards for the several townships in that county had levied for township and road purposes for the year 1885 twenty cents on the one hundred dollars' valuation of taxable property, and that the county court had directed the clerk of the county to extend on the several tax books of the respective townships the rates which had been thus levied for township purposes. It was only in this way that the county court had levied fifty cents on the hundred dollars of valuation of taxable property, that is, by treating as a part of such sum the amount which the township boards had levied for township and road purposes, namely, twenty cents on the one hundred dollars of valuation of taxable property.

It also appeared from that return that the amount of money remaining in the treasury of Macon County was $14,394.44, and that there were outstanding and unpaid warrants largely in excess of that sum, issued on the general fund of the county for the years of 1884 and 1885, and that before the issue of the relator's warrant and its registration, a school fund warrant for the sum of $7848.90 had been issued by the county and registered.

The relator demurred to the return, and the Circuit Court sustained the demurrer, and ordered a peremptory mandamus to issue, compelling the county court to annul the order apportioning the revenue for 1885 into separate and distinct funds, to increase the tax levy for that year from thirty cents to fifty cents by a further levy of twenty cents on every one hundred dollars of valuation of taxable property in the county, such levy to be made and collected with the regular annual levies

required by law, and to apply the proceeds of such levy *pro rata* towards the payment of all registered warrants of even date and registration with relator's warrant, and to divide the surplus in the treasury of $14,394.44, after deducting therefrom the amount of the warrant in favor of the school fund, between the relator's warrant and other warrants of even date of registration with that warrant, issued under and by virtue of mandamus proceedings in said Circuit Court.

A motion for a rehearing was denied. To review this judgment the case was brought to this court on writ of error.

*Mr. James Carr* (with whom was *Mr. Robert G. Mitchell* on the brief) for plaintiff in error.

*Mr. Joseph Shippen* for defendant in error.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

According to the law of Missouri under which the bonds of Macon County were issued to the Missouri and Mississippi Railroad Company, in payment of its subscription of stock to that company, as stated above, the balance due upon the judgment of the relator, after application of the moneys raised by the special tax of one-twentieth of one per cent upon the assessed value of taxable property, stood on the same footing as any other liability of the county to be paid out of its general funds. To raise revenue to meet its expenses, which included that liability, the county was authorized to levy a tax of fifty cents on every one hundred dollars of valuation of taxable property in the county. *United States* v. *County of Clark*, 96 U. S. 211; *Knox County Court* v. *United States*, 109 U. S. 229.

In this case it appears that for the year 1885 the county had levied only thirty cents on every one hundred dollars of property, but it set up in its answer that it had levied fifty cents, treating the twenty cents which had been levied by the boards of townships for township and bridge purposes as part of the

fifty cents.   The township is a separate organization from that of the county, with authority to purchase and hold real estate and make contracts and control its corporate property, and its taxes levied for those purposes over which it has control can in no just sense be termed taxes for county purposes. There can be, therefore, no valid objection to the county's levy of an additional twenty cents on the one hundred dollars to make up the fifty cents which it is authorized to levy to meet its expenses and liabilities.·

The apportioning of the funds collected to distinct and separate purposes does not affect the question presented.  The proceeding is to obtain a further levy and the appropriation of its proceeds upon the judgment of the relator among other debts of the county.

That the surplus remaining in the treasury over the payment of the warrant for the school fund, which is of prior registration, should be appropriated, *pro rata*, upon all the warrants of even date and registration, is a simple measure of justice.  All the warrants were issued and registered on the same day, and if they could only be paid in the order of their registration, and a payment could not be made on any one without its surrender, as contended, the treasurer would be obliged to retain the funds in his possession until he had a sufficient amount to pay them all before applying any portion thereof.  As the Circuit Court said, this is an absurd position; and it held that whenever any reasonable amount has accumulated it should be distributed, and added that the order of the court would be a full protection to the officer.  In that respect as well as in other particulars, concurring with the court, we affirm its judgment. ·

*Affirmed:*