UNITED STATES *ex rel.* DAVIS *v.* KNOX COUNTY *et al.*

(*Circuit Court, E. D. Missouri, E. D.* June 29, 1891.)

No. 1,188.

1. RAILROAD COMPANIES—MUNICIPAL AID BONDS—TAXATION FOR PAYMENT.
    The holders of county bonds issued under the charter of the Missouri & Mississippi Railroad Company (Acts Mo. 1864, pp. 86, 88, § 13) are entitled, after exhausting the special tax of one twentieth of 1 per cent., to resort to the general funds of the county, created by a levy of not less than one half of 1 per cent.; that being the rate for county purposes at the time the bonds were issued. *U. S.* v. *Clark Co.*, 96 U. S. 211; *U. S.* v. *Macon Co.*, 99 U. S. 582; and *County Court* v. *U. S.*, 3 Sup. Ct. Rep. 131, 109 U. S. 229,—followed.

2. SAME.
    Acts Mo. 1879, p. 193, (Rev. St. Mo. § 7662,) authorizing a tax of one half of 1 per cent. for general county purposes, was a mere substitute for previous laws authorizing such a tax, and not a new tax; and therefore a county which issued bonds under the charter of said railroad company cannot be compelled to levy a tax for their payment, of one half of 1 per cent., in addition to the tax authorized by the act of 1879.

3. SAME—OBLIGATION OF CONTRACTS.
    The fact that, under existing laws, certain county expenses for roads and bridges are now payable out of the general fund created by the tax of one half of 1 per cent., which expenses were not chargeable against such fund when the bonds were issued, does not impair the obligation of the contract evidenced by the bonds.

4. SAME—TAXATION.
    The provision of the Missouri constitution, and of the act of 1879, that the limitation therein imposed upon taxation for county purposes shall not apply to taxes levied to pay valid bonded indebtedness, does not authorize counties which issued bonds under the charter of the Missouri & Mississippi Railroad Company to levy taxes without limit to pay the same; for such provision applies only to counties which had issued bonds under laws permitting taxation without limit.

Application by the United States, at the relation of Samuel C. Davis, for a writ of *mandamus* against Knox county and others, to compel the

levy of a tax to pay a certain judgment. Motion to quash return. Denied.

*Thos. K. Skinker,* for relator.

*James Carr,* for respondents.

THAYER, District Judge. The questions to be determined arise on a motion to quash the return to an alternative writ of *mandamus,* commanding the levy of certain taxes to pay a judgment recovered on bonds issued under the charter of the Missouri & Mississippi Railroad Company. *Vide* Sess. Acts Mo. 1864, Regular Sess. pp. 86, 88, § 13. If I understand the points made by counsel for the relator, they are substantially as follows:

1. That the holders of the bonds issued under the charter in question have the right, after exhausting the special tax of one twentieth of 1 per cent., to resort to the general funds of the county, created by a levy of not less than one half of 1 per centum annually, that being the rate of taxation for county purposes in force when relator's bonds were issued. *Vide* Sess. Laws Mo. 1868, p. 142, § 2, and Acts 1869, p. 81, § 1. To this I answer, granted, under the decision in *U. S.* v. *Clark Co.,* 96 U. S. 211, reaffirmed in *U. S.* v. *County of Macon,* 99 U. S. 582, and *County Court* v. *U. S.,* 109 U. S. 229, 3 Sup. Ct. Rep. 131.

2. The second point is that the tax of one half of 1 per centum for county purposes, authorized by section 1 of the act of March 19, 1879, (Sess. Laws Mo. 1879, p. 193, now section 7662, Rev. St. 1889,) cannot be regarded as a continuation of the tax of one half of 1 per cent. for general county purposes, authorized by previous laws, but is a new tax, and that the counties which have issued bonds under the Missouri & Mississippi Railroad charter, for the payment thereof, may be compelled to levy a tax to the extent of one half of 1 per cent. in addition to the tax authorized by the act of 1879. This point must be overruled. It is contrary to the interpretation of the act of 1879 that has been adopted and acted upon for the past 10 years. Section 1 of the act of 1879 was obviously intended as a substitute for the laws then in force, granting authority to the several counties to levy taxes for general county purposes, and it was passed to give effect to section 11, art. 10, of the constitution of 1875. The federal courts have heretofore acted on the assumption that the various counties of this state might be compelled by *mandamus* to exercise the taxing power conferred by the act of 1879, for the purpose of raising a fund to pay bonds issued under the Missouri & Mississippi Railroad charter. They so acted in the case of *Macon Co.* v. *Huidekoper,* 134 U. S. 332, 10 Sup. Ct. Rep. 491; and it never seems to have occurred to any one heretofore that the taxing power conferred by that act was not available for the purpose of paying county bonds.

3. It is next contended that, if the act in question was intended as a substitute for previous laws authorizing taxation for county purposes, then it impairs the relator's contract, because certain county expenses for roads and bridges are now payable out of the general fund, and

tend to deplete it, which were not payable out of said fund when the Missouri & Mississippi Railroad charter was granted. This contention must be overruled. Conceding, for the purpose of this decision, but without deciding, that the state could not, as against bondholders, reduce the rate of taxation for general county purposes that was established by law on February 20, 1865, or on May 13, 1867, when the subscription under that act was made, yet it does not follow that the state was thereafter powerless to charge against the general revenues of the county any other county expenses than such as were in 1865 or 1867 payable out of the general fund. As well might it be said that the state contracted with the bondholder that the county expenses should at no time in the future exceed what they then were. The fact is that the state authorized a special tax of one twentieth of 1 per cent. for the exclusive benefit of the bondholder. It said to him, in effect, "If the special tax does not pay your bonds, you must take your chance of obtaining the residue out of whatever moneys the county may from time to time be allowed to raise by taxation for general county purposes." The bondholder must be presumed to have taken his bonds with knowledge of the fact that the expenses and revenues of the county would vary from year to year, and that new expenses might be incurred or created. There was no guaranty on the part of the state that the county expenses should remain a fixed and unvarying quantity, or that the legislature would not alter the existing mode of administering the county finances. The most that can consistently be claimed is that the state cannot reduce the rate of taxation for general county purposes which was in force when the Missouri & Mississippi Railroad charter was granted, and this it has not done or attempted to do. In point of fact the authorized rate of taxation for county purposes is now greater than it was on February 20, 1865, and as much as it was on May 13, 1867. *Vide* article 1, § 4, Act Feb. 4, 1864, and article 4, § 1, same act, (Sess. Laws Mo. 1863, Adjourned Sess. pp. 66, 84.) The views that I have expressed on the point now under consideration are even more favorable to the relator than would seem to be warranted by some expressions found in the case of *U. S.* v. *Macon Co.*, 99 U. S. 589. In the case cited the following language was used:

"* * * While the debt was authorized, the power of taxation for its payment was limited by the act itself, *and the general statutes in force at the time,* to the special tax designated in the act, and such other taxes, applicable to the subject, *as then were or might thereafter, by general or special acts, be permitted.*"

The italics are my own. From what was thus said, it might fairly be inferred that the rate of taxation for county purposes in force on February 20, 1865, may be diminished at will by the legislature, without impairing the contract of the bondholders. But it is unnecessary to go to that extent, as the state has not reduced the rate of taxation for general county purposes since 1865.

4. The point is also made that both the constitution of 1875 and the act of 1879 provide that the limitation therein imposed upon tax-

ation for county purposes shall not apply to taxes levied to pay valid bonded indebtedness; and from this it is argued that the taxation authorized by the act of 1879 had no reference to taxes levied to pay county bonds. The point made is without merit, for the following reason: It is well known that, when the constitution of 1875 was adopted, many, or at least some, counties, had issued bonds under laws which permitted taxation to any amount for their payment. Other counties, like the respondent, had issued bonds under laws permitting the levy of a limited special tax for their payment. The proviso obviously had reference to such counties. It permitted counties of the first class to levy taxes to any amount to pay valid bonded indebtedness, and counties of the second class to levy one half of 1 per cent. in addition to whatever special tax was authorized to meet bonded indebtedness by laws enacted prior to the constitution of 1875. But it does not authorize counties which have issued bonds under the Missouri & Mississippi Railroad charter to levy taxes *ad libitum.* Such counties may levy a special tax of one twentieth of 1 per cent. When that is exhausted, recourse must be had by the bondholder to the "general fund," and the tax to create such general fund is limited both by the constitution and statute to one half of 1 per cent. annually. The counties have no power to overstep that limit; and, as a matter of course, no court, state or federal, can compel them to do so.

It follows from the views heretofore expressed that the respondents' return must be adjudged sufficient, and the motion to quash be overruled. The return shows that Knox county has levied a special tax of one twentieth of 1 per cent., and in addition a tax of one half of 1 per cent. for general purposes. More than that it cannot be compelled to assess.