## TOWN OF DARLINGTON v. ATLANTIC TRUST CO.

(Circuit Court of Appeals, Fourth Circuit.  January 14, 1897.)

No. 192.

MUNICIPAL CORPORATIONS—TAXATION—RAILWAY AID BONDS—SPECIAL FUND.

The charter of the town of D. authorized it to levy taxes, without limit, for the use of the town, and also provided that, if it should issue bonds in aid of a railroad, it might levy an additional tax, sufficient to pay the interest thereon, not exceeding 50 cents on the $100 of taxable property.  Held, that the special fund which might be created by such additional tax was not the sole fund for the payment of interest on the bonds, but, such bonds and the coupons thereon being debts of the town, the holders thereof were entitled to payment out of the general funds of the town, after exhausting such special fund, and the levy of a tax sufficient to pay such debts might be compelled by mandamus.

In Error to the Circuit Court of the United States for the District of South Carolina.

On January 4, 1896, the Atlantic Trust Company, a corporation of New York, filed in the court below its petition for a mandamus against the town of Darlington, a corporation of South Carolina, alleging that on September 31, 1894, it had recovered in the said court, against the town of Darlington, a judgment for the sum of $6,873.60 and costs, the said judgment being for certain unpaid coupons due by the said town of Darlington; that demand had been made for the payment of the said judgment on the mayor and aldermen of the town, who failed and neglected to pay it; that there was no corporate property of said town subject to execution; that execution had been returned nulla bona; and that the petitioner had been unable to obtain payment of said judgment.  The prayer was for a mandamus commanding the said town and the town council thereof to pay the judgment, interest and costs, and, if there were no sufficient funds in the treasury, then to levy a tax sufficient to raise the amount.  The town of Darlington, in its return to the petition, for cause why the mandamus should not issue commanding a tax to be levied sufficient to pay the debt, set up that the coupons which were the cause of action upon which the judgment was recovered were interest coupons on bonds issued by the town of Darlington to aid in the construction of the Charleston, Sumter & Northern Railroad, in pursuance of an ordinance of the town passed under authority of an act of South Carolina amending the charter of the town, approved December 24, 1889; and that the town had no power to levy a tax for the payment of this debt, except a tax not exceeding 50 cents on each $100 of taxable property.  The case came on to be heard upon the petition and answer, and the court ordered the mandamus to issue, directing that, at the time of the next annual town tax levy, there should be levied and collected, in the same manner as other taxes, a tax sufficient in amount to pay the judgment, interest, and costs.  The town of Darlington then sued out this writ of error.

In entering its decree, the court (Judge Simonton) filed the following opinion (63 Fed. 76), which fully states all the additional facts:

"This is a petition for a mandamus.  The petitioner, the Atlantic Trust Company, obtained in this court a verdict against the defendant, the town of Darlington, and entered up judgment in the sum of seven thousand one hundred and ten and 62-100 dollars.  63 Fed. 76;  Id., 16 C. C. A. 28, 68 Fed. 849.  Execution has been issued, and has been returned nulla bona.  The officials of the defendant say that there is no money in the treasury to pay this debt.  The causes of action on which judgment was obtained were coupons on bonds issued in aid of a railroad company.  The plaintiff in execution now prays 'that a writ of mandamus may issue against the said town of Darlington, and against the city council thereof, commanding them to pay forthwith to the petitioner the amount due on said judgment, with interest and costs, and, in the event that there are at the present time no funds in the treasury of the said town of Darlington sufficient for that purpose, that the said town be ordered and directed by said writ to levy a sufficient tax upon the property of the said town for the pur-

pose of raising an amount sufficient to pay said judgment and interest thereon and costs.' This is the proper course in a case of this character, the mandamus being in the nature of an execution. Chanute City v. Trader, 132 U. S. 210, 10 Sup. Ct. 67.

"The answer of the defendant in execution sets up several defenses. At the hearing, these were abandoned except one. That is that under its charter the town of Darlington has power to levy but fifty cents on each one hundred dollars of the real and personal property assessed for and liable to taxation to pay interest on bonds issued in aid of railroads. It has been assumed, and it seems conceded, without, however, a statement of the figures, that such a levy would not pay this debt. The sole question in the case, then, is: Is the town of Darlington, by its charter, limited to the levy of an annual tax of fifty cents on each one hundred dollars of taxable property, for the purpose of paying interest on bonds issued in aid of railroads? The charter of this town is found in 18 St. at Large S. C. p. 923. In this act this section occurs: 'Sec. 16. That the mayor and aldermen shall have the power and authority to impose taxes each year for the use of said town, that is to say, not exceeding fifty cents on each one hundred dollars worth of real and personal property being in the limits of said town, except the property of churches, charitable associations and institutions of learning. The value of such real and personal property. for the purpose of taxation, shall be fixed and assessed as hereinafter provided.' The twenty-ninth section of the same act authorized the mayor and aldermen, upon being authorized thereto by a majority vote of the said town, to borrow money for the purpose of internal improvements, and to issue bonds or scrip therefor, at an interest not exceeding 7 per cent. per annum, and payable out of the taxes and income of the town. In 1889 (20 St. at Large, p. 504) this act was amended. In the sixteenth section was inserted a proviso as follows: 'Provided, that if the said mayor and aldermen should hereafter issue bonds for the purpose of aiding in the construction of railroads, then they may impose an additional tax to raise a sufficient amount to pay the interest on said bonds, which additional tax shall not exceed fifty cents on each one hundred dollars worth of real or personal property as above provided;' the concluding words of the sixteenth section, 'The value of such real and personal property,' etc., being retained. The twenty-ninth section was amended also, after the clause permitting the borrowing of money for internal improvements, and the issuing of bonds or scrip therefor, by the insertion of a proviso: 'Said principal of bonds and scrip shall at no time exceed $5,000, except for the purpose of aiding in the construction of railroads and for that purpose the said mayor and aldermen may issue bonds or scrip in any amount.' Note that this authority to borrow was for internal improvement, limited as to all other modes of internal improvement to $5,000, without limit as to railroads; thus recognizing railroads as in the class of internal improvements. The bonds to which the coupons in this case belonged were issued after the passage of this amendment. In 1891 this charter was again amended in several particulars. Those only requiring notice are these: Section 16 was amended in a peculiar way. The third section of the act declares: 'In section 16 strike out after the word town on 3rd line the words "that is to say not exceeding fifty cents on each one hundred dollars worth of," and insert instead thereof the words "on all." So that said section as amended will read: "Sec. 16. That the said mayor and aldermen shall have the power and authority to impose taxes each year for the use of the town on all real and personal property being in the limits of the town, except the property of churches, charitable associations and institutions of learning. The value of such real and personal property for the purpose of taxation shall be fixed and assessed as hereinafter provided." ' It will be observed that this section is precisely like the original section 16 in the charter, except that the power of taxation is unlimited, and not confined to fifty cents on the hundred dollars. No notice whatever is taken of the act of 1889 and the proviso attached by it to this section. Indeed, the act of 1891 proposes to amend act of 1884, saying nothing of act of 1889.

"If it be concluded that, by the operation of the amending act of 1889, section 16 was eliminated from the act of 1884, and section 16 as amended inserted in lieu thereof, and that, by the operation of the amending act of 1891, section 16 of the charter reads as if in the act of 1891, this would end this question. Under the act of 1891, the town council would have unlimited power of taxation, with no reference to railroads or any restriction thereon. There is

much to be said in favor of this construction. The act of 1889 was intended to authorize the issue of bonds in aid of railroads, and applied to such bonds thereafter issued as an inducement to their purchase. The bonds were issued to an amount which exhausted the constitutional limit. At the time of the passage of the act of 1891 there was no necessity of this kind for the special railroad tax, and this act withdrew all restriction on the taxing power for the use—not the uses —of the town. The twenty-ninth section of the act of 1884 recognizes that bonds in aid of railroads are for the purposes of internal improvement of the town, and makes them payable out of the taxes and income of the town. In addition to this, it will be seen by an inspection of section 16, as amended in the act of 1891, it concludes with the concluding sentence of the acts of 1884 and 1889 complete, leaving out the limitation of the power to tax and the proviso also. But this construction may be doubtful. The act of 1891 does not repeal the act of 1889 in express terms. There are no repealing words in the statute. Repeal by implication is not resorted to except in cases of absolute necessity or patent inconsistency. Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. 255; Chicago, M. & St. P. Ry. Co. v. U. S., 127 U. S. 406, 8 Sup. Ct. 1194.

"It is not unreasonable to suppose that the legislature treated the charter of this town as containing a section 16, changed from its original language by the addition of the proviso with regard to bonds issued in aid of railroads, and that by the act of 1891 its purpose was simply to remove the restriction of the power to tax from fifty cents on the hundred dollars, and to substitute therefor unlimited power to tax; that, this being its purpose, it repeated only so much of amended section 16 as was changed, to show the change. We would then read the section as follows: 'That the said mayor and aldermen shall have the power and authority to impose taxes each year for the use of said town on all real and personal property being in the limits of said town, except the property of churches, charitable associations and institutions of learning: provided that if the said mayor and aldermen should hereafter issue bonds for the purpose of aiding in the construction of railroads, then they may impose an additional tax to raise a sufficient amount to pay interest on said bonds, which additional tax shall not exceed fifty cents on each one hundred dollars worth of real and personal property as above provided. The value of said real and personal property for the purpose of taxation, shall be fixed and assessed as hereinafter provided.' It may be noticed here that this act provides for an annual tax for the use of the town and for bonds in aid of railroads, the money to be raised and expended annually. So the provision clearly is for the annual or current interest. This view is strengthened by the limitation. The constitution limits this power of subscription to eight per cent. on the taxable values of the municipality. Public bonds draw six per cent. interest usually. Six per cent. interest on eight per cent. of taxable value is forty-eight cents on the one hundred dollars. Provision is thus made for the annual necessities of the town. If the provision is not acted upon, and the annual increment of interest is passed, then the past-due interest becomes a debt of the town, not to be provided for by the special annual tax, but by the provision made for raising money for the use of the town, an important use being the payment of its debts.

"The first question is: Is this provision for levy of a tax to pay interest on the bonds in aid of railroads the creation of a fund from which such interest shall be paid, involving the idea that it cannot be paid out of any other funds? There is no such provision in the act, and none can be fairly implied. The language of section 29, Acts 1889 (20 St. at Large, p. 504), is this: 'The mayor and aldermen may for the purpose of internal improvements borrow money, issue bonds or scrip therefor, bearing not a greater interest than seven per cent., payable at such times as they may think advisable, and payable out of the taxes and income of said town,' out of the taxes and income without qualification. Then comes the proviso, limiting amount for all other internal improvements except aid in the construction of railroads to $5,000, and, for the latter purpose, putting no limit, but making no other change. So, in the proviso to sixteenth section, if said mayor and aldermen should hereafter issue bonds for the purpose of aiding in the construction of railroads, then they may (not shall) impose (not a special tax, but) an additional tax to raise a sufficient amount to pay the interest, etc. It is very clear that, if the taxes and income could pay this interest without resort to an additional tax, such tax need not be levied, or, if such interest could be paid in part without such additional tax, only so much of the additional could be levied to meet the deficiency.

In other words, this additional tax is additional security. It is no uncommon thing in legislation to provide a particular fund as additional security for the payment of a debt. See U. S. v. Clark Co., 96 U. S. 214.

"Macon Co. v. Huidekoper, 134 U. S. 332, 10 Sup. Ct. 491, is a case on all fours with the present case. Huidekoper obtained a judgment on interest coupons of railroad bonds against Macon county. It was not paid. Under the mandate of the court, a warrant was issued upon the treasurer of the county for the amount of the judgment. It was presented for payment to the treasurer of the county, and payment refused for want of funds. The act incorporating the railroad company in whose aid the county bonds were issued authorized any city or town or the county court of any county to subscribe to the capital stock of this railroad company, and to issue bonds therefor, and to levy a tax to pay the same, not exceeding one-twentieth of one per cent. upon the assessed value of the taxable property for each year. The law of Missouri authorized the county court to levy and collect annually a tax of fifty cents on the one hundred dollars, in addition to this one-twentieth of one per cent. for the railroad bonds. The one-twentieth of one per cent. could not pay the judgment. The county authorities had not exhausted their power to tax for county purposes. The general tax levy being less than fifty cents on the one hundred dollars, a mandamus was asked for requiring them to levy a tax up to their limit, and to apply the proceeds of the levy, among other things, to this judgment. The court held that, after the application of the special tax of one-twentieth of one per cent. to the amount due on the judgment, the balance due thereon stood on the same footing as any other liability of the county, to be paid out of its general funds. U. S. v. Clark Co., 96 U. S. 211; Knox County Court v. U. S., 109 U. S. 229, 3 Sup. Ct. 131; Macon Co. v. Huidekoper, 134 U. S. 336, 10 Sup. Ct. 491. The levy was ordered.

"Accepting, then, the construction of the act contended for by the town of Darlington, it would seem that under the operation of the act of 1889, if the proceeds of the additional railroad tax were not sufficient to pay the sum due on the coupons, the court would order the money to be paid out of the fund derivable from taxes, and, if the town council had not exhausted their power under that act, it would compel them to go to their limit. But under the act of 1891 there is now no limit. The court, then, can order them, in making a levy, to provide for the sum due on this judgment, and this notwithstanding that the act of 1891 was passed after the bonds were issued. County Court v. Hill, 118 U. S. 71, 6 Sup. Ct. 951. Let the mandamus issue as prayed."

J. E. Burke, for plaintiff in error.

Augustine T. Smythe, for defendant in error.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

PER CURIAM. We are entirely satisfied of the correctness of the reasoning and conclusions of the learned judge of the court below, and that the petitioner is entitled to the mandamus for which it prayed.

By the act of 1891 the mayor and aldermen of the town of Darlington were given power to levy taxes without limitation for the use of the town, so that there is no question of the power to levy the tax directed by the writ. The only question is as to the petitioner's right to have it levied to pay the judgment recovered on the coupons of its bonds. This question is settled by U. S. v. Clark Co., 96 U. S. 211, which was followed in Knox County Court v. U. S., 109 U. S. 229, 3 Sup. Ct. 131, and in Macon Co. v. Huidekoper, 134 U. S. 332, 10 Sup. Ct. 491, which cases hold that bonds and coupons of the kind sued upon by the petitioner are debts of the towns and counties issuing them, and that the holders are entitled to payment out of the general funds of the town or county raised for general use, after

exhausting the special fund directed to be levied for their payment, and that, where the town or county has the power to levy a tax sufficient to pay such a debt, it may be compelled to do so by mandamus. The judgment is affirmed.