MORTON v. KIRK et al.

(Circuit Court, E. D. Missouri, N. D. March 23, 1897.)

TAXATION—LEVY BY COUNTY BELOW STATUTORY LIMIT—RIGHTS OF JUDGMENT CREDITOR—MANDAMUS.

　　A judgment creditor of a county, who, having the statutory right to require the county to make an annual levy of 5 per cent. to pay current expenses and debts, makes no objection to repeated smaller levies, has no right, after the lapse of several years, to mandamus to compel a levy sufficient to make up the deficiency.

F. L. Schofield and W. C. Holliste, for relator.
Charles D. Stewart, for respondents.

WILLIAMS, District Judge. This is a petition for mandamus. The defendants are officials of Knox county, Mo. The petition sets up that on August 9, 1879, the county executed to the relator its warrant for $4,497.41; that on October 9, 1894, relator brought suit upon it in this court, and on December 7, 1894, recovered judgment for $8,627.40; that sundry payments have been made upon it out of the special tax of one-twentieth of 1 per cent., required by law to be levied to pay warrants of this description, but that it will take many years to pay the judgment out of this tax; that the county is bound to levy a five-mill tax each year to pay current expenses and debts, but that for the years 1879, 1881, 1884, and 1885 the county only levied four mills. The prayer of the petition is that the county be required to levy, in addition to the five mills lawfully levied already for the current year, the four mills that were omitted during those years. An alternative mandamus has already been issued, and a response has been filed, to two paragraphs of which a demurrer has been interposed.

It is a familiar rule that a demurrer to one pleading reaches back to the substance of all prior pleadings, and judgment upon it will be

rendered against him who is first at fault. U. S. v. Arthur, 5 Cranch, 261; Gorman v. Lennox, 15 Pet. 117; Clearwater v. Meredith, 1 Wall. 26; Aurora City v. West, 7 Wall. 94; Hudson Canal Co. v. Pennsylvania Coal Co., 8 Wall. 288. It is therefore unnecessary to examine the response, unless the petition sets out a cause of action. The statute requires the county, if necessary, to levy a five-mill tax. If it fails to do so, it can be compelled by mandamus, as was done in Macon Co. v. Huidekoper, 134 U. S. 332, 10 Sup. Ct. 491. But the right given by the statute is the right to an annual levy of five mills. Any creditor can require this levy to be made each year. But can a creditor lie by supinely, permit years to elapse without complaint, and then demand at one time the ruinous levy of all taxes that might have been levied in the past? If that were permitted, how could men buy property with safety? Each year the property ought to bear its annual burden; but, if a ruinous accumulation of unlevied taxes can be cast upon it at the mere caprice of a creditor who was silent when he should have spoken, what safety can a man have in his possessions? It is reasonable to suppose that, since the year 1879 (now 18 years ago), a large part, perhaps a majority, of the property of Knox county has changed hands. Upon what just principle can the present owners, who acquired it free of lien, be required to pay the taxes that should have been paid years ago by the former owners? And, if the creditor can lie by for 18 years before seeking to enforce the levy and collection of a tax, what limit is placed upon his rights? Taxes that could have been easily met as they accrued from year to year, if suffered to accumulate in that manner, would fall with a crushing weight, and usually upon the innocent. I therefore conclude that the relator has no right to a mandamus, and that the demurrer to the response should be overruled. As it is apparent that the petition cannot be so amended as to state a cause of action, it will be dismissed, and the defendants discharged, with costs.