HICKS, County Auditor, et al. v. CLEVELAND.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

No. 367.

1. MANDAMUS—COLLECTION OF JUDGMENT AGAINST MUNICIPALITY—SINGLE WRIT AGAINST SEPARATE OFFICERS.

Where it is by statute made the duty of a county auditor to assess, and of the treasurer to collect, a tax for the payment of a municipal debt evidenced by a judgment, a single writ of mandamus may issue against both officers, commanding them to perform their separate but co-operative duties in the collection and payment of such judgment.[1]

2. MUNICIPAL BONDS—REPEAL OF STATUTORY PROVISIONS FOR PAYMENT—MANDAMUS TO ENFORCE JUDGMENT.

Where the legislature of a state has authorized a municipality to issue bonds, and provided in the same act for the levy of taxes to pay the principal and interest of the same, such provision becomes a part of the contract on the issuance of the bonds, which cannot be impaired by any subsequent legislation; and a federal court which has rendered a judgment against the municipality on such bonds or their coupons may compel the levy of a tax for its payment by mandamus, notwithstanding the attempted repeal of the provisions therefor by the legislature.

---

[1] Enforcement of judgment against municipality by mandamus, see note to Holt Co. v. National Life Ins. Co., 25 C. C. A. 475.

**3.** CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—SOUTH CAROLINA STATUTE.

The acts of the legislature of South Carolina prohibiting the levy of any tax to pay township bonds issued in aid of a railroad, except in certain cases, and repealing all acts inconsistent therewith (22 St. at Large, p. 534; 23 St. at Large, p. 78), are in violation of the constitution of the United States, as impairing the obligation of contracts, and void in so far as they affect bonds in the hands of bona fide holders which were issued under prior statutes providing for the levy of taxes for their payment; and they constitute no defense to a proceeding in a federal court for a writ of mandamus to compel the levy of a tax to pay a judgment of such court rendered on such bonds.

**4.** MUNICIPAL BONDS—MANDAMUS TO ENFORCE JUDGMENT—LEVY TO PAY ARREARS OF INTEREST.

Where an act authorizing the issuance of township bonds required the proper taxing officers of the county to levy and collect an annual tax to pay the interest thereon, and such officers have neglected or refused to make the levies and collections until the interest has become in arrears for several years, a court which has rendered judgment for such accumulated interest against the township may order a single levy to meet the entire judgment.

**5.** JUDGMENT—MATTERS CONCLUDED—COLLATERAL ATTACK.

The validity of a judgment rendered against a municipality by a federal court for interest on bonds issued by such municipality cannot be attacked on appeal from an order subsequently made directing the issuance of a writ of mandamus to enforce payment of the judgment. In such proceeding the judgment is conclusive as to all matters affecting the right of the plaintiff to recover, and which were or might have been litigated in the action, including the constitutionality of the act under which the bonds were issued.

**6.** MANDAMUS AGAINST MUNICIPAL OFFICERS—DIRECTION TO DEFENDANTS AND THEIR SUCCESSORS.

A writ of mandamus directing the officers charged by statute with that duty to levy and collect a tax for the payment of a judgment against a municipality may properly be directed to such officers and their successors in office, and will bind such successors.

In Error to the Circuit Court of the United States for the District of South Carolina.

J. A. McCullough, for plaintiff in error.

H. J. Haynsworth and John K. Shields, for defendants in error.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

SIMONTON, Circuit Judge. This case comes up on writ of error to the circuit court of the United States for the district of South Carolina. Vannoy Cleveland, the defendant in error, obtained a judgment in the circuit court of the United States for the district of South Carolina on 11th day of August, 1897, in the sum of $1,568.41 against Dunklin township, in the county of Greenville, S. C. Execution having been issued on this judgment, it was returned nulla bona. Thereupon Vannoy Cleveland filed his petition in the said circuit court, praying that a writ of mandamus do issue to W. P. Hicks, the county auditor of Greenville county, and to G. L. Walker, the treasurer of said county. The petition sets forth: That the township of Dunklin is a territorial division of the state of South Carolina, situate in Green-

ville county. That it is a corporation created under an act of assembly of that state to charter the Greenville & Port Royal Railroad Company, approved December 23, 1882, and an act amending the same approved December 24, 1884. This amending act changed the name of the corporation to that of the Atlantic, Greenville & Western Railway. That, being the holder of certain coupons cut from bonds of said township, issued under the provisions of said acts, he brought suit upon said coupons, aggregating $2,016, in the circuit court aforesaid. That at the August term of said court, 1897, the cause was tried, and a verdict found for petitioner in the sum of $1,512, with interest from August 11, 1897, and his costs, $56.40. That judgment was entered forthwith on said judgment for such principal sum, interest, and costs, and lodged with the marshal. That the execution has been wholly unsatisfied. The petition further alleges: That by the act of 1885, above referred to, it is, among other things, provided "that for the payment of the interest on such bonds as may be issued by said counties, cities, towns or townships, the county auditor, or other officer discharging such duties, or the city or town treasurer, as the case may be, shall be authorized and required to assess only upon the property of said city, town, county or township such per centum as may be necessary to pay said interest of said sum of money so subscribed, which shall be known and styled in the tax book as said railroad tax, which shall be collected by the treasurer under the same regulations as are provided by law for the collection of taxes in any of the counties, cities, towns or townships so subscribing, and which shall be paid over by the said treasurer to the holders of said bonds, and the said interest shall become due on presentation of the coupons." 19 St. at Large S. C. p. 240, § 9. That at the time of the rendition of said judgment, and also at this time, W. P. Hicks was, and still is, the auditor of Greenville county, and, under the terms of said act, charged with the duty of assessing upon the property in Dunklin township the percentage necessary to pay the said coupons, and that he has failed to do so, after due demand and notice, and that G. L. Walker is treasurer of the said county. That the officers of Greenville county who have been charged with the assessment and collection of the taxes for the payment of coupons upon the said township bonds have for years declined to levy and collect taxes to pay the interest upon said bonds, claiming to have acted upon a decision of the state of South Carolina. "That any further demand upon the said officers to levy and collect taxes for the payment of the interest on said bonds would, in petitioner's judgment, be useless, and that your petitioner's remedy is by mandamus alone." The prayer of the petition is that a writ of mandamus be issued, directed to the said auditor and the said treasurer, directing and commanding the said auditor to assess upon all the property in the township of Dunklin a sufficient per centum to pay the said judgment, with interest and costs, and commanding the said county treasurer to collect the said sum of money and to pay it over upon said judgment until the same shall be wholly satisfied.

Upon filing the petition a rule was issued against W. P. Hicks, county auditor of Greenville county, and G. L. Walker, treasurer of said county, to show cause on a day certain why said mandamus do

not issue. Due return was made. The auditor, W. P. Hicks, made his return by way of demurrer, as follows:

"He demurs to the rule and the petition upon which the same is based, upon the following grounds: Because the action, as to him, is premature, for the reason that he has no present or existing duty to perform in the premises; it not being his duty, under the law, to collect any tax until there has been a legal assessment thereof by the county auditor, which assessment has never been made. Because there is an improper joinder of causes of action herein; one action being against the county auditor to require him to make an assessment, and the other against this respondent to require him to collect the said tax, when, as a matter of law, this respondent and the said auditor have separate and distinct duties to perform."

The treasurer answered in full, setting out 22 reasons why the mandamus do not issue. The rule and returns were heard by the circuit court. The demurrer of W. P. Hicks, county auditor, was overruled, and the return of G. L. Walker was held to be insufficient. The judgment of the court concluded as follows:

"It is therefore ordered that the demurrer of G. L. Walker, treasurer for Greenville county, and the return of W. P. Hicks, auditor for Greenville county, be, and the same are hereby, overruled and dismissed. It is further ordered that a writ of mandamus do issue out of and under the seal of this court, directed to G. L. Walker, treasurer for Greenville county, and his successors in office, and W. P. Hicks, auditor for Greenville county, and his successors in office, commanding them forthwith as follows: That the said auditor and his successors in office do assess upon all the property in the township of Dunklin a sufficient per centum to pay the said judgment set forth in the petition, with interest from the date of its rendition, and costs, and commanding the said county treasurer and his successors in office to collect the said sum of money and to pay it over upon the said judgment until the same shall be wholly satisfied, and that the said officers do discharge their said duties so commanded them at the time when they are respectively required by statute to assess and collect taxes for state and county purposes."

A writ of error was obtained, and the case is here on 28 assignments of error. The first two of these allege error in overruling the demurrer. It will be noted here that the record shows that this is the demurrer of W. P. Hicks, the county auditor. The demurrer itself shows that it is intended to be the demurrer of the county treasurer. Two errors are assigned: First, that as to the treasurer it is premature, his duties to collect the tax not arising until the auditor assesses it; and, second, because of the improper joinder of these two officers, their duties being separate and distinct.

Section 9 of the act of 1885 amending the charter of the Greenville & Port Royal Railroad Company, and providing therein for township subscriptions (19 St. at Large S. C. p. 240), makes provision for the payment of interest on the township bonds, and this duty is imposed both on the auditor and treasurer; the one assessing and the other collecting the tax. In Labette Co. Com'rs v. U. S., 112 U. S. 217, 5 Sup. Ct. 108, 28 L. Ed. 698, it is held that one writ of mandamus against all officers concerned in the separate but co-operative steps for levying and collecting a tax is the proper and effective remedy to enforce its collection. That case is on all fours with this, and meets and decides the very question raised in this demurrer.

Before entering upon an examination of the other assignments of error, we assume that the judgment upon which this mandamus is

based is conclusive as to the validity of the bonds, and of the contract under which they were issued. Harshman v. Knox Co. Ct., 122 U. S. 316, 7 Sup. Ct. 1171, 30 L. Ed. 1152. Being coupon bonds payable to bearer, they are negotiable instruments (Gelpecke v. City of Dubuque, 1 Wall. 175, 17 L. Ed. 520); and they and their coupons are protected by all the legislation existing at their creation and their date of issue, and this protection follows them in the hands of every bona fide holder for value. The judgment is also conclusive as to the fact that the plaintiff at law was a bona fide holder for value of the coupons sued upon. Township of Ninety-Six v. Folsom, 30 C. C. A. 657, 87 Fed. 304; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; City of San Antonio v. Mehaffy, 96 U. S. 312, 24 L. Ed. 816.

The 4th, 5th, 8th, 12th, 16th, 18th, 19th, and 20th assignments of error proceed upon the ground that the legislature of South Carolina has forbidden its officers to levy and collect the tax to pay this, and claims of the same character,—has in fact made it a misdemeanor for them to do so,—and that mandamus, under these circumstances, will not lie.

The purpose of the general assembly in passing the act to amend the charter of the Greenville & Port Royal Railroad Company, approved December 24, 1885 (19 St. at Large S. C. p. 237), was to promote the construction of that road. To accomplish this, it authorized and encouraged townships along the proposed line of road to subscribe bonds towards this construction. In order to give character and credit to these bonds, and to induce the public to invest in them, the ninth section of the act provides a careful, full, and sure mode of providing for the interest. And an amendment to the same charter made in 1887 (19 St. at Large S. C. p. 921) provided in the same way for the payment of the principal by taxation. These provisions of the act went into, and formed a part of, the contract moving to the bondholders, who invested their money trusting to the provisions. The contract could not be impaired by any subsequent act on the part of the state of South Carolina. Port of Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620. Counsel eloquently depict the hardship upon the property holders if the township be compelled to pay money on bonds issued for a road which has never been begun. But does that justify the hardship to innocent bondholders, who paid their money upon representations of the promoters of the road and the provisions of the act of assembly? Is it just? May we not go further, and ask, is it honest to put the loss on them because the promoters of the road were remiss, negligent, perhaps dishonest? There can be no doubt that these provisions of the statute went into, and formed a part of, the contract. The provisions of law existing at the time of issuing the bonds, providing for a tax, form a part of the contract, which cannot be impaired by any subsequent law. Butz v. City of Muscatine, 8 Wall. 575, 19 L. Ed. 490. Where at the time of issuing said bonds there existed an act authorizing an annual tax for their payment, it was beyond the power of the legislature to repeal it, so far as concerned the bonds in question, unless some other adequate remedy was substituted in its place. City of Galena v. Amy, 5 Wall. 705, 18 L. Ed. 560. See, also, Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161. The supreme court of the United States

deals with the provisions of statutes like this as creating a trust which the state, the donor, cannot annul, and which the officers to whom the power is given are bound to execute. So neither the state nor the corporation can any more impair the obligation of the contract by repeal of the act than they can in any other way. Von Hoffman v. City of Quincy, 4 Wall. 535, 18 L. Ed. 430. In Port of Mobile v. Watson, 116 U. S. 305, 6 Sup. Ct. 398, 29 L. Ed. 620, it is said:

"When municipal corporations are empowered to take stock or otherwise aid a railroad company, and they issue bonds in payment of the stock taken, or to carry out any other authorized contract, in aid of the railroad company, they are to that extent deemed private corporations, and their obligations are secured by all the guaranties which protect the engagements of private individuals. Therefore the remedies for the enforcement of such obligations assumed by a municipal corporation, which existed when the contract was made, must be left unimpaired by the legislature, and if they are changed a substantial equivalent must be provided. * * * When the resource for the payment of the bonds of a municipal corporation is the form of taxation existing when the bonds were issued, any law which withdraws or limits the taxing power, and leaves no adequate means for the payment of the bonds, is forbidden by the constitution of the United States, and is null and void."

The books are full of cases to the same effect. Any further citation would be useless.

It is said that if they obey this writ the officers may be subjected to punishment, as they are expressly forbidden to levy this tax. See A. A. of S. C. (22 St. at Large, p. 534; 23 St. at Large, p. 78). The following are the provisions of these acts:

"An act to forbid boards of township commissioners and county boards of commissioners and any other officer or officers to assess or levy, and county treasurers or any other officer or officers to collect any tax for the payment of township bonds, or the coupons thereof, or judgments entered up thereon, issued in the aid of a railroad not completed and finished through the township issuing such bonds and coupons, and not accepted by the railroad commissioners.

"Section 1. Be it enacted by the general assembly of the state of South Carolina, that from and after the passage of this act, no board of township commissioners nor county board of commissioners, nor any other officer or officers, shall assess or levy, and no county treasurer nor other officer or officers shall collect any tax for the payment of township bonds, or the coupons thereof, or judgments entered up thereon, issued in the aid of a railroad: provided, this act shall not apply to those bonds issued in the aid of railroads that have been completed and finished through such townships as have issued such bonds, nor until such road shall have been accepted by the railroad commissioners: provided, further, that the provisions of this act shall not apply to Newberry county, or any part thereof, nor to bonds issued in aid of the Pickens Railroad Company by certain townships in Pickens county.

"Sec. 2. All acts and parts of acts in conflict with this act be, and the same are hereby, repealed."

These two acts, which contain the same provisions, in effect recognize the validity of township bonds when the railroad subscribed for has been completed and finished through the township, and when they are bonds of Newberry county and certain townships of Pickens county. They forbid the levy of the tax under other circumstances. In other words, the act is passed to obstruct the payment of the bonds issued in aid of the Greenville & Port Royal Railroad. It would seem that these acts are in conflict with section 34, art. 3, of the constitution of South Carolina now in force, which forbids special legislation. Be this as it may. The acts clearly are in conflict with the constitu-

tion of the United States, and are void. The proper course for the respondents to follow, if it be sought to punish them for obeying the order of court, if they plead it in justification and their plea be overruled, is to carry it by writ of error to the supreme court of the United States, and there obtain protection.

The assignments of error numbered 9, 10, 11, 13, 15, 21, 22, and 27 deny in various ways the authority of the auditor to make the assessment, and of the treasurer to collect the tax for this judgment. The act of 1885, under which these bonds were issued, was governed by the provisions of the constitution of 1868, then of force. Section 8, art. 9, of that constitution provided that the general assembly shall require that all the property, except that heretofore exempted, within the municipal corporation, shall be taxed for the payment of the debts contracted under authority of law. The act of 1885 (19 St. at Large S. C. p. 240), after providing for the subscription and issue of bonds by the townships, obeys this provision of the constitution:

"Sec. 9. That for the payment of the interest on such bonds as may be issued by such counties, cities, towns or townships, the county auditor or other officer discharging such duties * * * shall be authorized to assess annually upon the property of said township such per centum as may be necessary to pay said interest on said sum of money subscribed, which shall be known and styled in the tax book as said railroad tax, which shall be collected by the treasurer under the same regulations as are provided for collection of taxes in any of the counties, cities, towns or townships so subscribing, and shall be paid over by said treasurer to the holders of said bonds as the said interest shall become due on presentation of the coupons."

This act is self-operative and requires no other legislation. Here we find the general assembly vested with full power to tax the property of townships for the payment of debts contracted under authority of law, giving such authority and providing in detail for the levy of the tax, the collection of the money, and the payment of interest on the debt. We are not called upon to infer the power to levy the tax, as was done in U. S. v. City of New Orleans, 98 U. S. 381, 25 L. Ed. 225, and as is recognized in Floyd v. Perrin, 30 S. C. 17, 8 S. E. 14, as the necessary incident to the authority to incur a debt. The language of the statute of 1885 is plain, direct, and mandatory.

It is urged, however, that the authority of these officers is limited to making of an annual assessment and levy for the current year, that the year has long since passed, and that this judgment is for the arrears of several years. The judgment has established beyond question, at least in this court, the validity of the debt and of all steps leading to it. So the duty of the township to pay the interest annually is also established. To excuse it now because it was not paid is to make it profit by its own wrong. Maxwell v. Bodie, 56 S. C. 402, 34 S. E. 692. The language of the supreme court in City of East St. Louis v. U. S., 120 U. S. 600, 7 Sup. Ct. 739, 30 L. Ed. 798, applies here:

"The judgment is for interest in arrear and a small amount of principal. The law required a tax to be levied annually, sufficient to pay all interest as it accrued, and the principal when due. This was neglected, and consequently there is now a large accumulation of debt, which ought to have been paid in installments. Thus far the inhabitants have been allowed to escape taxation at the time it ought to have been made, and to which they were under constitutional obligations to submit. The accumulation of the debt was caused

106 F.—30

by their own neglect as members of the political community which had incurred the obligation. Such being the case, we see no reason why it was not in the power of the court to order a single levy to meet the entire judgment, which was all for past-due obligations."

See, also, Town of Darlington v. Atlantic Trust Co., 24 C. C. A. 257, 78 Fed. 596, 42 U. S. App. 236.

The twenty-third, twenty-fourth, and twenty-fifth assignments of error assail the validity of the judgment, to enforce which the mandamus issues. It is now too late to do this. In this court and at this time that judgment is impregnable. Harshman v. Knox Co. Ct., 122 U. S. 306, 7 Sup. Ct. 1171, 30 L. Ed. 1152.

The seventeenth assignment of error attacks the constitutionality of the act of 1885 under which this subscription was made, because the bill originated in the senate. It is too late to inquire into this: First. Because the judgment heretofore had precludes every question that could have been made in the cause. Harshman v. Knox Co. Ct., supra. Second. Because, under the decision of the supreme court of South Carolina, it is not competent to go behind the great seal of an act ratified and approved, and attack it by the journal of either of the two houses. State v. Town Council of Chester, 39 S. C. 307, 17 S. E. 752. Third. Because the act in question is in no sense an act to raise revenue; that is, revenue for the state. It is an act to incorporate a railroad company, and incidentally to promote its construction by the issue of county, town, and township bonds.

The last assignment of error which remains for discussion is the twenty-seventh: Because the writ is directed to the treasurer and "his successors in office," and to the auditor and "his successors in office." "We cannot," say the supreme court in Thompson v. U. S., 103 U. S. 483, 26 L. Ed. 523, "accede to the proposition that proceedings in mandamus abate by the expiration of the term of office of the defendant, when, as in this case, there is a continuing duty irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the corporation, a municipality to which the officer is attached. The contrary has been held by very high authority. * * * The proceedings may be commenced with one set of officers, and terminate with another; the latter being bound by the judgment."

We see no error in the judgment of the court below, and it is affirmed.