PADGETT et al. v. POST.

(Circuit Court of Appeals, Fourth Circuit.   February 7, 1901.)

No. 371.

1. MUNICIPAL BONDS—REPEAL OF STATUTORY PROVISIONS FOR PAYMENT—MANDAMUS TO ENFORCE JUDGMENT.

Where the legislature of a state has authorized a municipality to issue bonds, and provided in the same act for the levy and collection of taxes to pay the principal and interest of the same, such provision becomes a part of the contract on the issuance of the bonds, which cannot be impaired by any subsequent legislation; and a federal court which has rendered a judgment against the municipality on such bonds or their coupons may compel the levy of a tax for its payment by mandamus, notwithstanding the attempted repeal of the provisions therefor by the legislature.

2. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—SOUTH CAROLINA STATUTE.

The acts of the legislature of South Carolina prohibiting the levy of any tax to pay township bonds issued in aid of a railroad, except in certain cases, or any judgment rendered thereon, and repealing all acts inconsistent therewith (22 St. at Large, p. 534; 23 St. at Large, p. 78), are in violation of the constitution of the United States, as impairing the obligation of contracts, and void, in so far as they affect bonds in the hands of bona fide holders, which were issued under prior statutes providing for the levy of taxes for their payment; and they constitute no defense to a proceeding in a federal court for a writ of mandamus to compel the levy of a tax to pay a judgment of such court rendered upon such bonds.

3. MUNICIPAL BONDS—MANDAMUS TO ENFORCE JUDGMENT—LEVY TO PAY ARREARAGE OF INTEREST.

It is no defense to a proceeding for a writ of mandamus to compel the levy of a tax to pay a judgment rendered on municipal bonds that the act

under which bonds were issued required the levy of an annual tax to pay the interest and create a sinking fund to pay the principal, and that the municipality has failed to make such annual levies; and the writ may command a single levy to meet the entire judgment.

In Error to the Circuit Court of the United States for the District of South Carolina.

T. G. Croft (Croft & Tillman, on the brief), for plaintiffs in error.

Henry A. M. Smith, for defendant in error.

Before GOFF, Circuit Judge, and PURNELL and WADDILL, District Judges.

GOFF, Circuit Judge. The circuit court of the United States for the district of South Carolina on the 17th day of April, 1900, directed that a writ of mandamus issue, requiring D. D. Padgett, R. A. Cochrane, and A. G. Williams, county commissioners for Edgefield county, S. C., and J. B. Haltiwanger, auditor, and T. C. Morgan, treasurer, for said county, to assess, levy, and collect, respectively, such tax upon and from the property in Pickens township of said county as would be necessary to pay a judgment, with the interest and costs due thereon, rendered by said court in favor of Henry A. V. Post, surviving partner of the firm of Post & Pomeroy, against Pickens township, in the county of Edgefield, in the state of South Carolina, for the sum of $15,970.50. The plaintiffs in error, the respondents below, against whom said writ was directed to issue, bring the matter here, assigning as error that under the laws of the state of South Carolina the county commissioners in said state are expressly prohibited from making the levy required by the writ of mandamus, and the county auditors and treasurers are also by the terms of said laws prevented from entering upon the tax duplicate or collecting any such taxes as are mentioned in said writ, and that therefore said officials are not only without authority to levy and collect such taxes, but that, should they do so, they would render themselves liable for a breach of official duty under the laws of that state, and be guilty of "misfeasance in office," and also because that, under the acts of the general assembly of South Carolina by virtue of which the bonds on which said judgment was rendered had been issued, it was contemplated and authority was given only to make a tax levy sufficient to pay the annual interest and one-twentieth of the principal of the bonds in any one year, and that, as a number of years had passed without the annual interest and installment of principal being levied for and collected, it followed that the right to demand the levy and collections had been lost to the holder of the bonds in whose behalf said judgment had been entered. It was further assigned as error that under the laws of the state of South Carolina the power to levy taxes upon the townships of that state rests solely with the general assembly, and that no authority had been given said officials to make the levy and collections that they were required by the writ of mandamus to do. The said case of Post v. Pickens Tp. was, by writ of error sued out by the township, brought to this court for review, and the judgment mentioned was affirmed. 41 C. C. A. 1, 99 Fed. 659. The facts are fully stated in the opinion

then rendered, to which reference is now made. Id., 41 C. C. A. 2, 3, 99 Fed. 659, 660. The mandate of this court having issued, reciting the affirmance of said judgment, and directing that such further proceedings should be had in said circuit court as would be proper, the plaintiff in the case sued out an execution on the judgment, which was placed in the hands of the marshal of the district, who made return of nulla bona. Thereupon the petition for the allowance of the writ of mandamus was duly filed by the plaintiff in the original proceeding, and came on to be regularly heard, when the order before mentioned, directing that the mandamus issue, was entered, from which this writ of error was allowed.

The statutes of the state of South Carolina now drawn in question were discussed and construed by this court in the opinion rendered by it when the case of Post v. Pickens Tp. was disposed of, supra. Also, at the present term, in the case of Hicks v. Cleveland, 106 Fed. 459, this court, in affirming an order directing a writ of mandamus to issue in a case similar to this, again reviews that legislation, and adheres to the result reached heretofore by it. Reference is made to the opinion in said last-mentioned case, in which the causes of error we are now considering are fully adverted to, and shown to be without merit.

The statute under which the bonds in issue were authorized was passed by the general assembly of South Carolina on December 22, 1883. 18 St. at Large, p. 409. This legislation has been held by this court to be valid, and the proceedings thereunder resulting in the issuing of the bonds to have been regular. The judgment rendered in favor of Post against Pickens township is in fact conclusive as to the validity of the bonds, as well as of the act under which they were issued. Harshman v. Knox Co., 122 U. S. 316, 7 Sup. Ct. 1171, 30 L. Ed. 1152. The protection of this law under which they were issued stays with the bonds and their coupons until they are paid, and it formed a part of the contract with Pickens township, which cannot be impaired by the subsequent legislation relied on by the plaintiffs in error. Edwards v. Keasey, 96 U. S. 595, 24 L. Ed. 793; Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161; Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93. By the provisions of this statute the county commissioners were expressly directed to make the levy for the payment of the interest on, as well as the principal of, the bonds mentioned, and the county auditor and county treasurer were instructed to carry the levy into effect and to collect the taxes. The subsequent statutes relied on by the plaintiff in error were enacted March 5, 1897 (22 St. at Large, p. 534), and March 6, 1899 (23 St. at Large, p. 78),—the latter after the institution of the suit, during the progress of which this proceeding became necessary. The first mentioned of said statutes reads as follows:

"Section 1. Be it enacted by the general assembly of the state of South Carolina, that from and after the passage of this act, no board of township commissioners, nor county board of commissioners, nor any other officer, or officers, shall assess or levy, and no county treasurer nor other officer or officers shall collect any tax for the payment of township bonds or the coupons thereof, issued in the aid of a railroad: provided, this act shall not apply to those bonds issued in the aid of railroads that have been completed and finished through such townships as have issued such bonds, nor until such road

shall have been accepted by the railroad commission: provided, further, that the provisions of this act shall not apply to Newberry county or any part thereof, nor to bonds issued in aid of the Pickens Railroad Company by certain townships in Pickens county.

"Sec. 2. All acts and parts of acts in conflict with this act be, and the same are hereby, repealed."

The act of March 6, 1899, is the same as the statute just quoted, with the interposition of the words "or judgment entered up thereon," in the first section; thereby making the prohibition apply to "bonds or the coupons thereof, or judgment entered up thereon, issued in the aid of a railroad." The evident intention of the legislation was to prevent the enforcement of the judgments of such courts as had been required, by virtue of their jurisdiction, to pass upon cases in which the validity of bonds of the character mentioned had been called in question. It may be true that the general assembly of South Carolina can dispose of these questions of constitutional construction and of commercial law in a manner much more satisfactory, at least to it and to the localities whose officials issued the bonds referred to, than can the courts now held in that state, in which event it is peculiarly unfortunate that under our system of government the final decision of such cases is committed to the impartial judgment of the supreme court of the United States. Clearly, this legislation, so far as it refers to the bonds now in suit, is void; for it not only lessens the efficacy of the means provided for their payment by the laws existing when the contract concerning them was made, but it entirely destroys them, thereby, in a constitutional sense, impairing the obligation of said contract. Wolfe v. City of New Orleans, 103 U. S. 358, 26 L. Ed. 395; Ralls Co. Ct. v. U. S., 105 U. S. 733, 26 L. Ed. 1220; Louisiana v. Police Jury of the Parish of St. Martin, 111 U. S. 716, 4 Sup. Ct. 648, 28 L. Ed. 574; Port of Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620; Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161.

The insistence of the plaintiffs in error that no levy or collection of taxes can be made for past years is an effort to gain profit by their own misconduct, and is entirely without merit. The burden may be heavy and hard to bear, but it was voluntarily and legally assumed, and the township is now by the mandamus simply required to pay over the fund that has remained in the hands of its inhabitants because of the failure of their representatives to comply with the requirements of the law. This phase of the question was considered in a similar case and disposed of by the supreme court of the United States in the manner I have indicated. City of East St. Louis v. Amy, 120 U. S. 600, 604, 7 Sup. Ct. 739, 30 L. Ed. 798.

The fear expressed by the plaintiffs in error that they will be punished for official misconduct, should they obey the orders of the circuit court of the United States for the district of South Carolina,—orders which simply direct them to perform their duties,—is certainly groundless; and we cannot share with them the thought that there is danger of such a travesty on justice, at least within the limits of the jurisdiction of this court. There is no error in the judgment complained of, and it is affirmed.