CITY OF FT. MADISON et al. v. FT. MADISON WATER CO.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1904.)

No. 1,884.

1. MUNICIPAL CORPORATIONS—CONTRACTS—STATUTORY REDUCTION OF POWER OF TAXATION.

Where a statute has invested a municipal corporation with the power of local taxation to enable it to meet its engagements under a contract which it is thereby authorized to make, the power of taxation thus conferred enters into and becomes a part of the contract, and may not be withdrawn or lessened until its obligations are satisfied.

2. SAME—IOWA STATUTE—REDUCTION OF ASSESSED VALUE OF PROPERTY.

Code Iowa 1897, § 1305, which provides that for purposes of taxation "all property shall be valued at its actual value, which shall be entered opposite each item, and shall be assessed at twenty-five per cent. of such actual value," is invalid in so far as it affects the ability of a city to meet a pre-existing contract to pay water rentals, made when the statute required property to be assessed at its "true cash value," and when the city was authorized to levy a special tax to pay water rentals, not exceeding five mills on the dollar on property benefited, and the city may be compelled to levy a tax based on the actual value of such property, as shown by the assessment roll, where it is necessary to meet its contract.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

See 110 Fed. 901.

This was an application by the Ft. Madison Water Company for a writ of mandamus to compel the municipal authorities of the City of Ft. Madison, Iowa, to levy and collect a tax sufficient to pay a judgment which the water company had obtained against the city for unpaid hydrant rental. In 1885 the city and one Inman entered into a contract, by means of an ordinance and its acceptance, whereby the former rented certain hydrants, to be installed in connection with a system of waterworks, and obligated itself to pay a specified rental therefor. The water company succeeded to all of the rights of Inman. The contract was fully authorized by the existing laws of Iowa, and the city was empowered to levy and collect annually a special tax to meet the rental agreed to be paid. McClain's Iowa Code, §§ 641, 643. A statutory limitation upon this power was expressed in these words: "Said tax shall not exceed the sum of five mills on the dollar for any one year, nor shall the same be levied upon the taxable property of said city or town which lies wholly without the limits of the benefit or protection of such works, which limit shall be fixed by the city council or board of trustees each year before making said levy." The ordinance which embraced the terms of the contract contained this clause: "Said hydrant rental to be paid quarterly out of the special tax fund to be levied and collected as other taxes of the city are for this purpose." The municipal authorities duly designated as the property which was benefited and protected all that lying within a district bounded by an encircling line drawn 1,000 feet beyond the outlying hydrants. This was the district which was, primarily, at least, subject to the annual five mill tax levy to provide a fund to meet the hydrant rental.

In 1897 an act of the Legislature of Iowa was passed which provided: "All property subject to taxation shall be valued at its actual value, which shall be entered opposite each item, and shall be assessed at twenty-five per cent. of such actual value. Such assessed value shall be entered in a separate column opposite each item, and is to be taken and considered as the taxable value of such property, and the value at which it shall be listed and upon which the levy shall be made." Section 1305, Code 1897.

The five mill levy upon 25 per centum of the actual value of the property within the taxing district did not yield sufficient revenue to fully satisfy

the obligations of the city. The water company sued the city, and recovered a judgment against it for $4,528.90, being for unpaid rentals for a period of six months ending September 30, 1900.

The water company seeks the payment of this judgment through an enforced levy and collection of taxes. In the prayer of its petition it asks that the municipal authorities be required to levy and collect either a general tax upon all of the property within the city or a special tax upon the full value of the property within the taxing district instead of one upon 25 per centum of such value as contemplated by the act of 1897. The Circuit Court rendered judgment for the issuance of a writ commanding the municipal authorities to levy and collect a sufficient tax "upon all property subject to taxation within the limits of the city of Ft. Madison as shall be necessary to pay off and discharge the judgment." The city prosecutes this proceeding in error.

Omar E. Herminghausen (Edwin C. Weber, on the brief), for plaintiffs in error.

James C. Davis, for defendant in error.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

HOOK, Circuit Judge (after stating the case as above). The judgment upon which is predicated the application of the water company for a writ of mandamus was affirmed by this court in City of Ft. Madison v. Ft. Madison Water Co., 114 Fed. 292, 52 C. C. A. 204. It was there said:

"Whether the water company can by mandamus compel the city to levy either a general or special tax to pay such judgment is a question not raised by this record. The right to a judgment against the city for the debt, and the right to a mandamus to compel the city to levy a tax to pay the judgment, are separate and distinct questions, the latter of which is not now before us, and concerning which it will be distinctly understood we express no opinion."

The questions then unnecessary to be determined are now presented. Is it the duty of the city, under the contract and under the laws of the state, to levy a tax to pay the judgment? If the duty exists, should the tax be a special one upon the property benefited and protected by the location of the hydrants and embraced within the taxing district established as required by the statute, or a general tax upon all of the property in the city? The city contends that since it has levied a five-mill special tax upon the property within the benefited district, assessed at 25 per centum of its actual value, and has paid the money arising therefrom to the water company, it has exhausted its power in that direction. And while it does not deny that, under the construction of the Iowa law adopted by the Supreme Court of that state (Waterworks Co. v. Creston, 101 Iowa, 694, 70 N. W. 739), it might by express contract have pledged its general revenues and its power of general taxation to the payment of any deficiency, it insists that in fact it has not done so, but that, on the contrary, it expressly contracted that its liability should be limited to the fund raised by the special tax. We will assume, without further consideration, that this latter contention is correct.

It is clear that it was the legislative intent that the levy of a special tax upon the property within the benefited district should at least constitute the primary duty of the city and the primary remedy of the water company. The theory of the legislation is, and it is a correct one,

that the owners of the property most benefited should stand the burden of the cost.

When the contract between the city and the water company was made and the rights of the parties became vested, the laws of Iowa concerning the assessment of property for purpose of taxation contained this provision:

"Real property shall be listed and * * * assessed at its true cash value, having regard to its quality, location and natural advantages, the geneeral improvement of the vicinity and all other elements of its value." McClain's Code, § 1288.

We need not, therefore, consider what rule of assessment would prevail in the absence of such affirmative legislation. Afterwards, and while the contract, executory in character, was still in force, the Legislature of Iowa passed an act providing that, while property subject to taxation should be valued at its actual value, the same to be entered opposite each described item upon the records, it should be assessed for taxation, not at its actual value, but at 25 per centum thereof. Section 1305, Code 1897.

Under the law existing when the contract was made the special tax, which was limited to five mills, should have been imposed upon property assessed at its actual value. Under the Code of 1897 the special tax, still limited to five mills, was imposed upon the same property assessed at one-fourth of its actual value. The resultant effect would have been the same had the latter statute operated directly upon the tax rate itself and reduced it to one-fourth of five mills upon the dollar of valuation. The statute should be judged in the light of its necessary effect upon existing contracts.

Where a statute has invested a municipal corporation with the power of local taxation to enable it to meet its engagements under a contract which it is thereby authorized to make, the power of taxation thus conferred enters into and becomes a part of the contract, and may not be withdrawn or lessened until its obligations are satisfied. Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161; Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620; Louisiana v. St. Martin's Parish, 111 U. S. 716, 4 Sup. Ct. 648, 28 L. Ed. 574; Ralls County Court v. United States, 105 U. S. 733, 26 L. Ed. 1220; Louisiana v. Pilsbury, 105 U. S. 278, 26 L. Ed. 1090; Wolff v. New Orleans, 103 U. S. 358, 26 L. Ed. 395; Butz v. Muscatine, 8 Wall. 575, 19 L. Ed. 490; Galena v. Amy, 5 Wall. 705, 18 L. Ed. 560; Von Hoffman v. City of Quincy, 4 Wall. 535, 18 L. Ed. 403; Padgett v. Post, 106 Fed. 600, 45 C. C. A. 488; Hicks v. Cleveland, 106 Fed. 459, 45 C. C. A. 429; In re Copenhaver (C. C.) 54 Fed. 660; United States v. Judges, etc. (C. C.) 32 Fed. 715; United States v. Howard County (C. C.) 2 Fed. 1.

A right without a remedy for its enforcement, save in the forum of conscience, is of little practical value. From the standpoint of the law, the remedy is the vital element in the worth of a contract, and whatever destroys or lessens it impairs the obligation. The power of taxation is the usual and frequently the sole means by which municipal bodies are enabled to meet their pecuniary engagements, and, where a contract is entered into upon the faith of its exercise, subse-

quent legislation, which so modifies it as to deprive one of the contracting parties of every efficacious remedy, is violative of the contract clause of the Constitution. Tested by these rules, which are fundamental, the invalidity of the act of 1897, as applied to the contract between the city and the water company, is apparent.

The actual value of each item of property in the taxing district has been officially ascertained and extended upon the tax rolls. A five-mill levy upon 25 per centum of such value has been found to be insufficient to meet the just indebtedness of the city. The deficiency has been reduced to judgment. The statutory reduction of the valuation of the property for the purpose of assessment being equivalent to a reduction of the rate of tax levy is invalid as applied to the pre-existing contract between the parties. It appears from the record that a completion of the levy to the full measure authorized by the law and contracted for by the parties will more than suffice to pay the claim of the water company. Under these circumstances the duty of the city is plain.

The judgment of the Circuit Court will be modified so that the writ of mandamus to issue shall command the levy and collection of a special tax sufficient to pay the judgment of the water company, with interest and costs, but not exceeding five mills on the dollar of assessed valuation, such tax to be imposed upon the property within the benefited district as heretofore established, assessed for the purpose of the levy at three-fourths of the actual value thereof. As so modified the judgment of the Circuit Court will be affirmed.