## PERRY v. TOWN OF SAMSON.

(District Court, M. D. Alabama, S. D., at Dothan. February 22, 1926.)

1. **Constitutional law** ⊜⟹143—Statute authorizing municipality's issuance of bonds is part of contract, which cannot be impaired by subsequent legislation.

Where municipality is authorized to issue bonds and to pay principal thereof and interest thereon, law and method existing at time bonds are issued and sold forms a part of the obligation, and subsequent legislation cannot impair the right or duty to lay and collect taxes to meet such obligation.

2. **Constitutional law** ⊜⟹143—Not only town's statutory authority, but direction that it shall assess taxes to pay bonds, is part of contract.

Not only town's authority, but the direction that it shall assess taxes on full, actual cash value of property to pay bonds, is treated as part of terms thereof.

3. **Constitutional law** ⊜⟹143—Statute requiring property to be taxed at 60 per cent. of value will not be given effect, to impair obligation of bonds issued when property was required to be assessed at 100 per cent. of value. (Const. Ala. 1901, §§ 214, 215, 216; Code Ala. 1907, §§ 2111, 2152; Revenue Act 1911 [Gen. Acts Ala. 1911, p. 185, § 36a]).

Where provisions of Const. Ala. 1901, §§ 214, 215, 216, in effect when municipal bonds were issued, authorized taxes to be levied "on the value of the taxable property within this state," and empowered cities to levy taxes on value of property as assessed for state taxation, and where state statute (Code Ala. 1907, §§ 2111, 2152) required assessor to ascer-

tain and list for taxation actual cash value of each item of property, and expressly prohibited taxing boards from reducing the valuation below the fair cash market value, held Revenue Act Ala. 1911, § 36a, providing that taxable property shall be assessed for taxation only at 60 per cent. of its value, will not be given effect to impair obligations of bonds.

4. **Courts** ⊜⟹365—Federal courts will not follow decisions of state courts which impair vested constitutional rights.

Federal courts will not follow decisions of state courts which impair vested rights guaranteed by federal Constitution.

5. **Mandamus** ⊜⟹115—Requirement of mandamus that town, to pay bonds, levy tax based on assessment of actual value of property, held not to involve violation of statute (Code Ala. 1923, § 2124; Code Ala. 1907, §§ 2111, 2152).

Requirement of mandamus that town assess property to pay bonds at its full actual value, in accordance with statutes in effect when bonds were issued, held not to involve a violation of Code Ala. 1923, § 2124, requiring town to accept and levy taxes on assessments fixed by state authorities; the state assessment being made on basis of actual cash value, under Code Ala. 1907, §§ 2111, 2152.

6. **Mandamus** ⊜⟹115—Town, having failed to levy taxes on basis of full value of property necessary for payment of bonds, may be required in bondholder's suit to levy and collect a tax for back years.

Town, in bondholder's suit to compel levy and collection of taxes on basis of full value of property, in accordance with statutes in effect when bonds were issued, may be compelled to make a levy and collect a tax on basis of full value of property for every year following sale of bonds, when its income from tax levy on less than full valuation basis was insufficient to meet its obligation on bonds.

7. **Mandamus** ⊜⟹176—Court, granting mandamus, exercises discretion, and should not impose unnecessary hardship.

Court, granting mandamus, exercises a sound judicial discretion, and should grant such relief on equitable principles, such as will not impose unnecessary hardship.

8. **Mandamus** ⊜⟹176—Town would not be required to levy tax to pay bonds for years preceding that in which bondholder's petition was filed.

City, subject to be required to levy and collect a tax on basis of full value of property for years when its income had been insufficient to meet its obligations on bonds, in court's discretion was not required to levy such tax for years preceding that in which petition was filed.

At Law. Suit by I. L. Perry for writ of mandamus to be directed to the Town of Samson, a municipal corporation of Alabama. Writ granted.

Oscar S. Lewis, of Dothan, Ala., for plaintiff.

W. O. Mulkey, of Geneva, Ala. (Mulkey & Mulkey, of Geneva, Ala., on the brief), for defendant.

CLAYTON, District Judge. The plaintiff, in his suit styled as in the above caption, recovered judgment in this court for $7,339.80 and costs on September 18, 1925, on certain bonds [1] and interest coupons issued February 1, 1909. Default having been made in the payment of the interest, plaintiff elected, according to the terms of the obligation, to treat all the bonds and interest as due upon the happening of such default. Execution, following the judgment, having been returned unsatisfied, he now petitions for mandamus to collect his judgment.

It is not deemed necessary to pass specifically upon the defendant's demurrer to certain parts of the petition, or upon the plaintiff's demurrer to certain parts of the answer made to the petition and rule nisi; for at this hearing the facts, where not admitted by the pleadings, were established by the evidence produced, without objection, including the bonds and coupons and the record and judgment in the case, so that every controverted question of law is now dealt with and determined in the judgment and order which follows.

For refusing to pay the bonds and interest, and for objection to mandamus, the town authorities say that the whole amount of tax money now authorized upon a 60 per cent. valuation of the property situate in the town is necessarily used in defraying municipal expenses; that the town is not authorized to levy or collect taxes upon the untaxed 40 per cent. value of the property, for the reason that such 40 per cent. of the valuation is exempted from taxation by the act of the Legislature; that the town officers have no authority to assess 40 per cent. on the property in addition to the 60 per cent., because, as insisted, they are prohibited by section 216 of the Constitution of Alabama of 1901 from assessing property or fixing value upon their own judgment; that under said section 216

---

[1] Each bond is in this language:

No. ——. United States of America, $500. State of Alabama, County of Geneva, Town of Samson.

Five Per Cent. Waterworks Bond.

Know all men by these presents that the town of Samson, county of Geneva, state of Alabama, is justly indebted, and for value received hereby promises to pay to bearer on the first day of February A. D. 1939, the principal sum of five hundred dollars, with interest thereon at the rate of five per centum per annum, payable semiannually on the first days of February and of August in each year until said indebtedness is paid, as evidenced by and on presentation and surrender of the annexed interest coupons as they severally mature. Both principal and interest hereof are payable in gold coin of the United States of America of or equal to the present standard of weight and fineness at the banking house of Columbia Trust Company, in the city and state of New York.

This bond has been issued for the purpose of furnishing funds with which to establish, construct, and operate a waterworks system in and for the use of said town under and pursuant to authority of certain acts of the General Assembly of the state of Alabama and pursuant to the favorable decision of the qualified electors of said town at an election duly called and held in said town, and ordinances and resolutions of said town duly passed. The payment of this bond is further secured by a first mortgage trust deed to Chicago Title & Trust Company, of Chicago, Ill., therein and thereby conveying all of the waterworks and system of said town, which said trust deed has been duly executed and recorded in the county of Geneva, state of Alabama. In case of a default in the payment of the interest of this bond for a period of six (6) months after it is payable, the principal of this bond may be then declared due and payable forthwith at the option of the holder thereof.

It is hereby recited and certified that all acts, conditions, and things required by law or proper to be done precedent to or in the issuance of this bond, as well as the execution of the said trust deed, have in all things been legally had, done, and have been performed; that legal provision has been made, and until said principal shall be paid it is covenanted and agreed, will from time to time be made, for the raising of a fund sufficient to meet the payment of the interest and the principal hereof as the same respectively become due; that the said town hereby irrevocably pledges itself, until the principal and interest hereof shall be fully paid, to set aside and apply all of the net revenues derived from the operation of its waterworks, and in addition thereto to levy and collect annually a tax on all the taxable property in said town, and to set apart out of its general revenues for the purpose of having a sum sufficient in the aggregate to promptly pay the interest as the same become due and to provide a sinking fund sufficient to redeem this bond at maturity; that the amount of this bond, together with all the other indebtedness of said town, does not exceed any statutory or constitutional limitation.

For the prompt payment of the interest and principal hereof, and for the strict fulfillment of all the covenants and recitals herein and in the said trust deed contained, the full faith, credit, and resources of said town are hereby irrevocably pledged.

In witness whereof the town council of the town of Samson has caused this bond to be signed by its mayor and countersigned by its treasurer, and the corporate seal of said town to be affixed hereto, and the interest coupons hereto attached to be signed by said mayor and treasurer, this first day of February, 1909.

[Town Seal.] W. J. Gresham, Mayor.

Countersigned: W. B. Weeks, Treasurer.

the town is bound to assess the property for municipal taxes upon the assessment made by the state for the preceding year; that the town would be without authority to comply with any order of this court requiring the payment of tax upon the 40 per cent. exempt; that to obey such an order would involve the town officials in a violation of the constitution and laws of the state, for that under section 2124, Code of Alabama of 1923, the town is compelled in the assessment of property for taxation to confine it to the state and county assessment in the manner provided in the Constitution; and that before this court could require taxes to be paid upon the 40 per cent. untaxed value of the property the state and county tax assessor must make the assessment upon said 40 per cent. untaxed.

[1] 1. It is settled that, where a municipality is authorized to issue bonds and to pay the principal thereof and interest thereon, the law and method existing at the time the bonds were issued and sold forms a part of the obligation—a part of the contract—and no legislation thereafter can impair the right or duty to lay and collect taxes to meet the obligation. Butz v. City of Muscatine, 8 Wall. 575, 19 L. Ed. 490; Louisiana ex rel. Nelson v. St. Martin's Parish, 4 S. Ct. 648, 111 U. S. 716, 28 L. Ed. 574; Ralls County v. U. S., 105 U. S. 733, 26 L. Ed. 1220; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Von Hoffman v. Quincy, 4 Wall. 535, 550–553, 18 L. Ed. 403; Port of Mobile v. Watson, 6 S. Ct. 398, 116 U. S. 289, 29 L. Ed. 620; Hicks v. Cleveland, 106 F. 459, 45 C. C. A. 429; Padgett v. Post, 106 F. 600, 45 C. C. A. 488; City of Cleveland v. U. S., 166 F. 677, 93 C. C. A. 274; Graham v. Quinlan, 207 F. 268, 124 C. C. A. 654; City of Ensley v. Simpson, 50 So. 61, 166 Ala. 366, 387; Edwards v. Williamson, 70 Ala. 145, 152.

[2] So that, at the time the petitioner's bonds were issued and sold, the law treats as a part of the terms of the bonds not only the authority, but the direction that, for the purpose of paying these bonds in case of default, taxes shall be assessed on the full actual cash value of the property; and such is the case here, as shown by the pleadings and proof, and the Alabama law obtaining at the time the bonds were issued. And this is the method provided for the satisfaction of the plaintiff's bonds—his judgment thereon.

[3] 2. At the time these bonds were issued and sold, February 1, 1909, the Constitution of Alabama (sections 214 and 215) authorized taxes to be levied "on the value of the taxable property within this state." And

section 216 of the Constitution empowered cities and towns to levy taxes on the value of the property as assessed for state taxation. Thus it is obvious that, at the time the bonds were issued and sold, cities and towns were authorized to levy taxes on the property situate within their corporate limits according to the assessment made for state taxation; that is, upon its full value thus ascertained. It may be said this construction was placed by the different Legislatures of the state upon this and similar sections in previous Constitutions carrying the language employed in the present Constitution. And in section 2111 of the Code of 1907 a tax assessor was required to ascertain and list for taxation "the amount and actual cash value of each item of property"; and section 2152, same Code, brought down from the Codes of 1886 and 1896, provides that the intent of the tax laws was to have all property assessed at its full, actual cash value, and expressly prohibited the taxing boards "from reducing the valuation of any property below the fair cash market value of the property, or what the property would sell for cash."

3. The defense here is not novel, and has frequently been repudiated as in the cases mentioned, and in others as well; for instance, the Supreme Court of the United States, in Bank of Minden v. Clement, 41 S. Ct. 408, 256 U. S. 126, 65 L. Ed. 857, declared, where at the time the debt was contracted life insurance of the debtor payable to his estate was subject to the payment of his debts, and where thereafter the Legislature undertook to exempt such policies from such liability, this enactment was void, because it was in derogation of the creditor's contract and lessened his right of enforcing it. Again, in Hendrickson v. Apperson, 38 S. Ct. 44, 245 U. S. 105, 62 L. Ed. 178, it was held that the remedy for collecting the debt, which existed at the time of its creation, could not be subsequently impaired, so as to defeat the right of collection. In Hicks v. Cleveland, supra, this doctrine was applied. See, also, note to Holt County v. Nat. Life Ins. Co., 25 C. C. A. 475.

4. In the light of the adjudged cases section 36a of the Revenue Act of Alabama (Acts 1911, p. 185), passed after the issuance and sale of the negotiable bonds here involved, and providing that the taxable property within this state shall be assessed for taxation at only 60 per cent. of its value, is essentially an effort to deprive the petitioner of a right and a method of collecting his contract debt, which right and method existed at the time the contract was made. So, as

11 F.(2d)—42

against this petitioner, such act must be treated as of no effect, as it was done in City of Ft. Madison v. Ft. Madison Water Co., 134 F. 214, 67 C. C. A. 142, similar in its facts and the applicable law to the instant case. There the obligation was created when the city was authorized and required to assess property at its true cash value. Afterwards the Legislature amended the law by providing that property should be assessed at 25 per cent. of its cash value. There, as here, the petitioner for mandamus, having obtained judgment on the contract, applied for mandamus to require the city to levy and collect taxes on the full and true cash value of the property within its limits. The writ was granted; the court saying, in substance, that the power of taxation is the usual and frequently the only means by which municipalities are enabled to meet their pecuniary engagements, and that, where a contract is entered into upon the faith of the exercise of the taxing power, subsequent legislation modifying it, so as to deprive the creditor of efficacious remedy, is violative of the clause of the Constitution forbidding the states to impair contracts (Const. art. 1, § 10, cl. 1), and that the statutory reduction of the valuation of the property for the purpose of assessment is equivalent to a reduction of the rate of tax levy, and is invalid as applied to the pre-existing contract between the municipality and the other contracting party. United States ex rel. Fall City Constr. Co. v. Jimmerson, Assessor, 222 F. 489, 138 C. C. A. 85, L. R. A. 1918B, 1102, supports this doctrine. Certiorari was denied. Id., 36 S. Ct. 163, 239 U. S. 641, 60 L. Ed. 482.

[4] 5. Moreover, in Moore v. Otis (C. C. A.) 275 F. 747, it is held that, in protecting contract rights in cases like the present, the federal courts do not follow the decisions of the state court, if they impair vested rights guaranteed by the federal Constitution. Furthermore, in the construction of such a statute as the Alabama act here is, the federal court will exercise its own independent judgment. Folsom v. Township Ninety-Six, 16 S. Ct. 174, 159 U. S. 611, 625, 40 L. Ed. 278; Fetzer v. Johnson (D. C.) 4 F.(2d) 865, 866. Therefore it must be held, so far as this case is concerned, that the construction of the Alabama law by the Supreme Court of that state, whatever it may be, is not binding on this court, for the reason that the federal Constitution guarantees to a creditor that no law shall be passed by the state impairing contracts, and where the state Legislature has attempted to do so this court will exercise its own judgment in interpreting a statute and

in enforcing the supreme law. Butz v. City of Muscatine, 8 Wall. 575, 19 L. Ed. 490, and others supra.

Elyton Land Co. v. Mayor, etc., of the City of Birmingham, 7 So. 901, 89 Ala. 477, cited by the defendant, does not militate against the right of the petitioner to have the writ of mandamus. For the rate of taxation authorized by the Alabama Constitution is not increased, nor its assessment changed— the rate of assessment existing at the time the bonds were issued. In fact, the assessment is the same as that required by the law of Alabama existing at the time the obligation was incurred; that is, at the full, true, actual cash value, and section 2152 of the Code of 1907 expressly provides that assessments shall not be reduced from the fair and actual cash value of the property.

[5] 6. As to the town's contention that it is, by the Constitution of Alabama and the state municipal code, required to accept and levy taxes upon the assessments fixed by the state authorities, and cannot be required to make a separate and distinct assessment itself, it must be said, I think, that this is not a defense to the right of petitioner to have the process, for the writ does not require the town to make a new or independent assessment, but, on the contrary, to accept the valuation assessment fixed by the state authority, and raise it from the 60 per cent. to 100 per cent., or to the full, true cash value of the property, and doing this by adding 40 per cent. to the rate theretofore acted upon; for, admittedly, the assessment of the state authority is only 60 per cent. of the full, true cash value. City of Ft. Madison v. Ft. Madison Water Co., supra; United States ex rel. Fall City Constr. Co. v. Jimmerson, Assessor, supra.

[6] 7. It is observed that, for the payment of petitioner's bonds and interest thereon, it appears that the town should have assessed the property all along at its true cash value, and I think this court can now require it to make a levy and collection upon the basis of full value of the property for all preceding years following the sale of the bonds, when the income of the town derived upon the 60 per cent. valuation basis was not sufficient to meet the town's obligation to the plaintiff, the petitioner. City of Ft. Madison v. Ft. Madison Water Co., supra; City of Cleveland v. U. S., supra; United States ex rel. Fall City Constr. Co. v. Jimmerson, Assessor, supra. Indeed, the petitioner himself could have sooner asked for this relief, and his failure to do so at an earlier date is partly responsible for the delay in the collection of his debt.

Further, as to the relief now granted by mandamus to the plaintiff: It does not bring about a new assessment of the property, or increase the assessed value above that fixed by the laws of Alabama. For the Alabama statutory provisions for assessment contemplate the ascertainment of the real value of the property and the levy of taxes thereupon on a basis of 60 per cent. of the real value. Thus each and every assessment discloses the real value of the property as effectively as if such real value were set forth and listed as such, for that is certain which can be made certain. The entry of 60 per cent. of the real value of property in a tax assessment, or on a tax list or book, discloses that it is 60 per cent. of such value, and the addition of two-thirds of such 60 per cent. would make the 100 per cent. No new tax assessment is requisite, for the necessary taxation which may follow that for the year 1925. The assessed value of 100 per cent., fixed by the state, will be used as the basis under this procedure by adding the 40 per cent. to the 60 per cent. provided by the Alabama act.

[7, 8] 8. However, in granting the writ of mandamus, the court is called upon to exercise sound judicial discretion. But sometimes the remedy should be framed and applied upon equitable principles, so that no unnecessary hardship may be visited upon the municipality or the owners of the property. Ex parte Skinner & Eddy Corp., 44 S. Ct. 446, 265 U. S. 86, 68 L. Ed. 912; City of Cleveland v. U. S., supra. Where such procedure and taxes would be oppressive by now requiring the payment at once of taxes for all the past years since the creation of the debt, it is in the judicial discretion not to impose such hardship. City of Cleveland v. U. S., supra; East St. Louis v. U. S., 7 S. Ct. 739, 120 U. S. 600, 30 L. Ed. 799.

Therefore the court, exercising this discretion, declines to require levies to be made, raised, or increased on the assessment of 100 per cent. of the value of the property for any year previous to 1926, other than the tax year 1925. The petition was filed before December 1, 1925, when the levy was required to be made for that year.

The peremptory writ of mandamus prayed for will issue, requiring the respondents to levy and collect the tax based on the full and actual true cash value of the property situate in the town as assessed for the year 1925, so that the tax derived from the 40 per cent. heretofore untaxed shall be applied to the plaintiff's judgment, and the same course shall be pursued for the years following the year 1925 until the plaintiff's claim shall become fully satisfied.

The court will retain jurisdiction of this cause until the judgment, interest, and costs shall have been fully paid.

Order in harmony herewith entered.