## SAN ANTONIO *v.* MEHAFFY.

1. The twelfth section of the act of the legislature of Texas, entitled "An Act to incorporate the San Antonio Railroad Company," which authorizes the city of San Antonio to subscribe for the stock of said company, and issue bonds to pay for the same, is not repugnant to the provision of the State Constitution of 1845, requiring that "every law enacted by the legislature shall contain but one object, and that shall be expressed in the title."

2. Certain bonds or securities issued by the city of San Antonio, March 1, 1852, recite that "this debt is authorized by a vote of the electors of the city of San Antonio, taken in accordance with the provisions of an act to incorporate the San Antonio and Mexican Gulf Railroad Company, approved Sept. 5, 1850," &c. *Held*, that the city is estopped from denying the verity of the recital, and that the bonds or securities are valid in the hands of a *bona fide* purchaser for value before maturity.

3. The fact that the principal securities delivered to that company were not sealed is immaterial, because the act under which they were issued expressly authorized those charged with the duty of making the subscription to "issue bonds bearing interest, or otherwise pledge the faith of the city."

ERROR to the Circuit Court of the United States for the Western District of Texas.

The facts are stated in the opinion of the court.

*Mr. Thomas J. Durant* for the plaintiff in error.
*Mr. T. A. Lambert, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

The cause of action in this case is certain "bonds," as they are termed, and coupons, issued by the city of San Antonio in payment for stock of the San Antonio and Mexican Gulf Railroad Company, subscribed for by the city.

The action is one of a class that has been very numerous in this court for several years past. Almost every question that can arise in such litigation has been settled in this forum by repeated adjudications. In the present case, our remarks will be confined to the points to which our attention has been called by the counsel for the city. No fulness of discussion is necessary.

The twelfth section of the act approved Sept. 5, 1850, entitled "An Act to incorporate the San Antonio Railroad Company," authorized the city to take the stock "and issue bonds bearing interest, or, otherwise to pledge the faith of said city, . . . . to pay for the same."

It was made a condition of the subscription that two-thirds of the qualified electors of the city should vote in favor of it.

The eighteenth section of the act declared that if the work was not commenced within one year from the 1st of November, 1850, and if at least twenty miles of the road were not in running order within three years from its commencement, the charter should be void. An act, approved Feb. 14, 1852, extended the time for commencing the work to two years from the date of the act, and required ten miles to be finished within three years. Subsequent acts bearing upon this subject were passed, but it is not deemed necessary particularly to advert to them.

An election was held pursuant to the first-named act. All the votes cast but three were in favor of the subscription. It was thereupon made, and the securities were delivered to the company in payment. Each of the bonds, so called, had on its

face the following recital : " This debt is authorized by a vote of the electors of the city of San Antonio, taken in accordance with the provisions of an act to incorporate the San Antonio and Mexican Gulf Railroad Company, approved Sept. 5, 1850. Entered and recorded in the office of the city treasurer, and is transferable on delivery.' City Hall, City of Antonio, March 1, 1852." The road was not built, and the enterprise has been abandoned.

The grant of the power given to the city was consistent with the Constitution of the State. *San Antonio* v. *Gould*, 34 Tex. 49 ; *Same* v. *Jones*, 28 id. 19.

The holder of commercial paper, in the absence of proof to the contrary, is presumed to have taken it underdue for a valuable consideration, and without notice of any objection to which it was liable. 2 Pars. Bills and Notes, 9 ; *Pinkerton* v. *Bailey*, 8 Wend. (N. Y.) 600.

There is certainly nothing in the record which shows that such is not the position of the defendant in error.

This shuts the door, as matter of law, to all inquiry touching the regularity of the proceedings of the officers charged with the duty of subscribing and making payment in the way prescribed. The rule in such cases is, that if the municipality could have had power under any circumstances to issue the securities, the *bona fide* holder has a right to presume they were issued under the circumstances which give the authority, and they are no more liable to be impeached in his hands for any infirmity than any other commercial paper. *Supervisors* v. *Schenck*, 5 Wall. 772 ; *San Antonio* v. *Lane*, 32 Tex. 405.

We have, however, looked carefully into the record for light as to the facts, and find that all the proceedings were in substantial conformity to the requirements of the law, and the proof is clear that every thing was honestly done.

The city is estopped by the recital on the face of the securities to deny its verity. A *bona fide* purchaser had a right to regard it as true, and was not bound to look further. *Commissioners, &c.* v. *Aspinwall*, 21 How. 539.; *Mercer County* v. *Hackett*, 1 Wall. 83 ; *Grand Chute* v. *Winegar*, 15 id. 355 ; *San Antonio* v. *Gould, supra.*

The principal securities delivered to the company were not bonds, because they were unsealed; but this is immaterial. The twelfth section, under which they were issued, expressly declared that those charged with the duty of subscribing "may issue bonds bearing interest, or otherwise pledge the faith of the city."

The securities issued were within the latter category. If that clause were wanting, we should have no difficulty in holding that the city was, under the circumstances, estopped from denying their validity. The doctrine of *ultra vires*, whether invoked for or against a corporation, is not favored in the law. It should never be applied where it will defeat the ends of justice, if such a result can be avoided. *Whitney Arms Co.* v. *Barlow et al.*, 63 N. Y. 62.

The Constitution of Texas of 1845 provided that "every law enacted by the legislature shall contain but one object, and that shall be expressed in the title."

It is insisted that the twelfth section of the act of 1850 is in conflict with this requirement, and is, therefore, void. This identical question arose in *San Antonio* v. *Lane, supra.* It was there unanimously held by the court that "when an act of the legislature expresses in its title the object of the act, the title embraces and expresses any lawful means to achieve the object, thus fulfilling the constitutional injunction that every law shall embrace but one object, and that shall be expressed in its title." The objection was overruled.

In the *City of San Antonio* v. *Gould (supra)*, and in *Gittings* v. *San Antonio* (47 id. 548), the same court, consisting of judges other than those who sat in the first case, came to a different conclusion. The question may, therefore, be fairly considered as still unsettled in the jurisprudence of the State. Under these circumstances, this court has always felt at liberty to follow the guidance of its own judgment.

We think the ruling in the case first mentioned has on its side the greater weight of reason and authority. We, therefore, hold the section not to be obnoxious to the requirement of the Constitution, and that it is, therefore, valid.

The refusal of the court below to grant a new trial involved

only the exercise of its discretion, and cannot be made the subject of review by this court.

*Judgment affirmed.*

Note. — In *San Antonio* v. *Barnes*, error to the Circuit Court of the United States for the Western District of Texas, which was argued by *Mr. Thomas J. Durant* for the plaintiff in error, and by *Mr. Robert Sewell* for the defendant in error, Mr. Justice Swayne, in delivering the opinion of the court, remarked: This case is in all respects substantially the same with that of *San Antonio* v. *Mehaffy*, just decided. The opinion in that case is decisive of this.

*Judgment affirmed.*