## HOPPER *v.* THE TOWN OF COVINGTON.*

*(Circuit Court, D. Indiana. October 12, 1881.)*

1. MUNICIPAL BONDS—POWER TO ISSUE.

   Municipal corporations are created for governmental and administrative purposes, and *not* for business purposes. Their power to issue bonds or other commercial paper must be derived from legislative authority, either express or clearly implied.

2. HOLDERS OF—MUST TAKE NOTICE AND INQUIRE, WHEN.

   The holder of municipal bonds, in which there are no recitals to estop the municipality, is bound to know that they were issued under express legislative authority, and to inquire whether they were issued in the mode and for the purposes provided by the law authorizing their issue.

3. WHEN NOT COMMERCIAL PAPER.

   Bonds not issued in pursuance of express legislative authority, and in the mode and for the purposes provided by law, possess none of the qualities of commercial paper, but when the municipality is authorized to issue bonds under certain conditions, and the bonds contain recitals of the existence of the necessary conditions, such recitals are conclusive in favor of a *bona fide* purchaser.

*Reported by Chas. L. Holstein, United States Attorney.

4. PLEADING—BURDEN OF PROOF.

> The plaintiff, in a suit upon municipal bonds, which contain no recitals as to the law, etc., under which they were issued, must aver and prove that they were issued under legislative authority, and in the mode and for the purposes provided by law.

*McDonald & Butler*, for plaintiff.

*Thos. F. Davidson*, for defendant.

GRESHAM, D. J.   This is an action on interest coupons, alike except in number, one of which reads as follows:

"$8.                                         COVINGTON, IND., October 1, 1876.

" One year after date the town of Covington will pay to the bearer, in the city of New York, eight dollars, being one year's interest on bond No. 14.

                                                   " A. GEST, President.

    "Attest: FRANK M. HICKS, Clerk."

It is alleged in the complaint that the town of Covington executed certain bonds to which the coupons in suit had been attached. Copies of the bonds are not filed with the complaint; there is no allegation as to their tenor and effect, the purpose of their issue, or the authority for it.   To this complaint a demurrer is interposed, which presents the question under consideration.

Power is given by a statute of Indiana, (1 Davis, 343,) under specified conditions, to cities and towns, to issue bonds not exceeding $50,-000, payable in not less than one nor more than twenty years, to provide means for school purposes.   And in section 27 of another statute (1 Davis, 881) it is declared that towns shall not have power to borrow money, or incur any debt or liability, except upon the petition of the citizen owners of five-eighths of the taxable property.

It is insisted, in support of the demurrer, that the power to issue negotiable bonds is not inherent in a municipal corporation; that if it exists in a given case it must be exercised in the mode and for the purpose prescribed in the act conferring the authority; and that in an action upon the bonds of a municipal corporation, containing no recitals, the declaration must show authority to issue the bonds sued on, and its exercise in the mode and upon the conditions prescribed by law.

In support of the complaint it is contended that municipal corporations in Indiana have power to issue commercial paper for some purposes; that public officers are presumed to act in accordance with and not contrary to the law; and that the plaintiff had a right to buy the coupons as commercial paper, without inquiry, presuming they were issued for a proper purpose, and under authority of the statutes just mentioned.

Municipal corporations are created to secure to the people residing within their jurisdiction the benefits of local government, and not for business purposes. Unlike trading or business corporations, their powers are governmental and administrative. In addition to the power to raise revenue by taxation, and other express powers conferred upon them by their charters, they may exercise such incidental powers as are necessary to enable them to accomplish the object of their being. The power to make contracts and expenditures carries with it the implied power to incur indebtedness, and to issue proper obligations therefor. But it does not follow that because municipal corporations, in the exercise of their legitimate and ordinary jurisdiction, may incur indebtedness and issue vouchers, orders, or other instruments for the same, they may issue commercial securities, payment of which will be enforced against the tax-payers, in favor of *bona fide* holders, however irregular or fraudulent the issue may be.

The court, in *Mayor* v. *Ray*, 19 Wall. 477, say:

"If, in the execution of their important trusts, the power to borrow money and issue bonds or other commercial securities is needed, the legislature can easily confer it, under proper limitations and restraints, and with proper provisions for future repayment. Without such authority it cannot be legally exercised. * * * No such power ought to exist, and in our opinion no such power does exist, unless conferred by legislative enactment, either express or clearly implied."

While concurring in the judgment of the court, but dissenting from some of the grounds upon which it was based, Justice Hunt said that in his opinion a municipal corporation might borrow money for legitimate uses and issue its commercial paper for the same, unless expressly prohibited by its charter, or by some statute, from so doing. *Police Jury* v. *Britton*, 15 Wall. 566; *Hitchcock* v. *Galveston*, 2 Woods, 272; *Chisholm* v. *City of Montgomery*, Id. 584.

But, while municipal corporations cannot borrow money or issue commercial securities without legislative authority, express or clearly implied, it is, nevertheless, the law in the federal courts that when a municipality, or its officers, are invested with authority to issue bonds and to decide whether the conditions exist under which a special enactment authorizes the issue of such securities, and such officers issue bonds, reciting the existence of the necessary conditions, the recital is itself a decision by the appointed tribunal, which is conclusive in favor of a *bona fide* purchaser. *Coloma* v. *Eares*, 92 U. S. 484.

In *Buchanan* v. *City of Litchfield*, 102 U. S. 278, the city issued its water bonds, amounting to $50,000, to aid in constructing and main-

taining a system of water-works. The bonds recited that they were issued under and in pursuance of a particular act of the legislature and a city ordinance, which authorized the issue, and the plaintiff was a *bona fide* holder. The court held that the bonds were void, because they created an indebtedness in excess of the amount to which the municipality was restricted by the state constitution. "As, therefore," says Justice Harlan, in delivering the opinion of the court, "neither the constitution nor the statute prescribed any rule or test by which persons contracting with municipal corporations should ascertain the extent of their indebtedness, it would seem that, if the bonds in question had contained recitals which, upon any fair construction, amounted to a representation upon the part of the constituted authorities of the city that the requirements of the constitution were met—that is, that the city indebtedness, increased by the amount of the bonds in question, was within the constitutional limit —then the city, under the decisions of this court, might have been estopped from disputing the truth of such representations as against that *bona fide* holder of its bonds. * * * The present action cannot be maintained unless we should hold that the mere fact that the bonds were issued, without any recital of the circumstances bringing them within the limit fixed by the constitution, was in itself conclusive proof in favor of a *bona fide* holder that the circumstances existed which authorized them to be issued. We cannot so hold."

This case clearly supports the doctrine that municipal bonds which contain no recitals are not unimpeachable in the hands of *bona fide* holders for value; that is to say, they are not commercial paper.

It is not claimed that the town of Covington had any general or incidental power to issue bonds or other commercial paper, but it is asserted for the plaintiff that when a municipality has express authority, as in this case, to issue bonds for one purpose, it may issue its securities with or without recitals, and it will be conclusively presumed, in favor of purchasers for value without notice, that the issue was authorized. It would follow, if this be true, that when express authority exists for the issue of municipal bonds for one purpose, bonds which are issued without recitals, for an unauthorized and fraudulent purpose, will be enforced against the tax-payers, in favor of purchasers for value without notice; and that an act conferring authority upon municipalities to issue bonds, under clearly-defined conditions and restraints, for a particular purpose, confers authority, as between the municipality and *bona fide* third parties, to issue commercial securities for all purposes.

The cases of *Gelpcke* v. *City of Dubuque*, 1 Wall. 175; *Sup'rs* v. *Schenck*, 5 Wall. 772; *City of Lexington* v. *Britton*, 14 Wall. 296; and *San Antonio* v. *Mehaffy*, 96 U. S. 314, are cited as showing that when a corporation has power, under any circumstances, to issue negotiable securities, the *bona fide* holder has a right to presume that they were issued under the circumstances that gave the requisite authority; that they are no more liable to be impeached in the hands of such a holder than any other commercial paper, and that recitals are not necessary to estop the municipality. In three of these cases there was express authority to issue the bonds sued on, and they contained recitals showing that the proper officers had decided the precedent conditions existed upon which the power depended; while in the other, (*Sup'rs* v. *Schenck*,) although it does not expressly appear that the bonds sued on contained recitals, that is the fair inference, for the court say it is settled law that a negotiable security of a corporation, which on its face appears to have been duly issued, is valid in the hands of a *bona fide* holder.

It is further urged for the plaintiff that, even if the bonds and coupons mentioned in the complaint are impeachable in the hands of the plaintiff, the question before the court is one of pleading, and it devolves upon the defendant to show that the bonds were issued without authority. The coupons contain no recitals, and there is no allegation in the complaint that the bonds do. The argument of counsel on both sides assumes that there are no recitals in the bonds. The plaintiff was bound to know that the bonds were issued under express legislative authority, for school purposes, and it was his duty to inquire whether the conditions existed that authorized them to be issued. Power to issue commercial paper was the exception, and not the rule, and in the absence of such recitals as would preclude the municipality from impeaching the bonds in the hands of a *bona fide* holder, the plaintiff has no right of action, unless he shows in his complaint that the bonds were issued in substantial compliance with the legislative enactments, and for a proper purpose. Bonds which are not issued in pursuance of express legislative authority, and in a mode prescribed by it, possess none of the qualities of commercial paper. The legislature was careful, in conferring power on municipalities to borrow money and issue bonds for school purposes, to prescribe the mode and manner of its execution, thereby making the mode of its execution the measure of the power granted. *Anthony* v. *County of Jasper*, 101 U. S. 697. Demurrer sustained.