7920

SOUTHERN POWER CO. v. WALKER.

1. CONDEMNATION.—FOREIGN ELECTRIC CORPORATIONS, domesticated in this State, prohibited the right to condemn lands in the States of their origin may condemn under the laws of this State.
   Section 1895, of Code of 1902, is repealed by act 24 Stat., 489.

2. CONSTITUTIONAL LAW.— THE ACT OF 1904, 24 STAT., 489, is not violative of the provisions of section 17 of article III of the Constitution, in that the title referred to the provisions of other statutes which were adopted without setting them out in the body of the act.

3. CONDEMNATION.—AN ELECTRIC CORPORATION may condemn rights of way for an electric line to furnish light and power to municipalities and private citizens.
   *Boyd* v. *Granite Co.,* 68 S. C., 433; *Wilson* v. *Alderman,* 69 S. C., 176; *Riley* v. *Union Station,* 71 S. C., 467; *Alderman* v. *Wilson,* 77 S. C., 165; *McMeekin* v. *Power Co.,* 80 S. C., 512; *Williams* v. *Gold Mining Co.,* 85 S. C., 1, *affirmed.*

Before DeVORE, J., Spartanburg, December, 1909. Affirmed.

Action by Southern Power Company against L. P. Walker. The petition alleges the purposes of the right of way sought to be condemned to be lighting the streets, residences and public places of certain cities or of enabling the same to be lighted and furnishing electricity for the purposes of lighting, heating and power, as the same may be required and demanded by the citizens of said towns and cities. Defendant appeals on the following exceptions:

1. "Because his Honor erred in holding that the fact that the State of New Jersey did not give to the respondent corporation the right and power to condemn lands would not prevent this State from so doing if it should see proper to do so, it being submitted that a foreign corporation coming into this State cannot exercise larger powers than those conferred upon it by the parent State.

2. "Because his Honor erred in holding that the act of the legislature of the State of South Carolina, found in the acts of 1904, page 489, is not in violation of art. 3, sec. 17 of the Constitution, which provides that 'every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title,' it being submitted that the title to said act gives no intimation of what is in the act itself—and the real subject and the real contents thereof are the right given to electric light and power companies to condemn private property—when no such drastic or unusual power is even hinted at in the title. The act is therefore unconstitutional, because not complying with the provisions of the section just herein mentioned.

3. "Because his Honor erred in holding that the title of the act just mentioned, to wit, the act of 1904, shows that 'electric light and power companies' is the subject, when he might as well have held that 'telephone and telegraph companies' is the subject, and if this is true, then the act in question relates to two subjects, and is therefore unconstitutional.

4. "Because his Honor erred in not holding that it is not a compliance with the constitutional provisions above referred to to refer to the original act merely by the number of sections of the published laws, and that the true and actual subject of any act must be expressed in its title and not by way of reference to some other law in order to make it constitutional and valid.

5. "Because his Honor erred in not holding that the act referred to refers to two subjects, and is therefore unconstitutional, it being submitted: (1) That it attempts to confer upon electric light and power companies certain rights and powers theretofore enjoyed by telephone and telegraph companies. (2) It attempts to amend the then existing law with regard to the powers of telephone and telegraph companies.

6. "Because his Honor erred in holding that the Southern Power Company comes under that class of corporations known as *quasi* public corporations, when he should have held that under the terms of its charter and the laws of the State of South Carolina, the said corporation is a private corporation, and therefore has no right to condemn private property for its own uses, as sec. 17, art. I of the Constitution of South Carolina forbids this.

7. "Because his Honor should have held that since the State of South Carolina has no power of regulation or control over the affairs of the said corporation, Southern Power Company, with respect to the manner in which it shall do business—the rate it shall charge the people whom it shall serve—it is therefore a private corporation and cannot have given to it the power to condemn private property for its uses.

8. "Because his Honor erred in not holding from the undisputed evidence shown by the several contracts introduced in evidence that the petitioner, Southern Power Company, has been making, and does make, with its various patrons contracts differing in rates of charges and in other

particulars and that it thereby establishes itself as a private corporation with the right to furnish its power and other products to such persons and on such terms as it may choose.

9. "Because his Honor, the Circuit Judge, erred in not holding that certain of the powers and privileges named in its charter at least, if not all of them—with the exception of the power to light the streets of municipalities—were, and are, private and in no sense public, and inasmuch as the public uses and the private uses for which the said power company has sought to condemn appellant's lands cannot be separated so that condemnation may be had for the one and not for the other, the said Southern Power Company cannot, under the law, have any right to condemn at all, and the Circuit Judge should have so held.

10. "Because his Honor, the Circuit Judge, erred in not holding that inasmuch as very nearly all, if not quite all, of the powers given to the respondent Southern Power Company are for private uses and purposes and in no sense public, the said corporation did not have the power to condemn for any of these uses, and its power to condemn should have been and should be, limited to the condemnation for those of the uses and purposes named in its charter, which are clearly not public.

11. "Because his Honor erred in dismissing each and every of the grounds of appeal of this defendant, and in not holding that each and every of the said grounds should be sustained.

12. "Because his Honor, the Circuit Judge, erred in sustaining all grounds of the appeal of the original petitioner, Southern Power Company, when it was distinctly understood and agreed between the parties to this proceeding, that all questions affecting the condemnation money to be paid and the methods of reaching the amount thereof should be postponed until after the determination of the legal questions now raised—with the exception that if the right

to condemn should be established in this proceeding, the amount of compensation to be paid to the defendant should then be fixed by a new jury in the Court of Common Pleas."

*Messrs. J. W. Nash* and *Simpson & Bomar* and *H. K. Osborne,* for appellant. *Mr. Nash* cites: *A foreign corporation having no power to take property in its parent State cannot take it here:* 70 N. E. 337; 109 U. S. 1024; 4 Wheat. 518; 2 Cranch. 127. *Recitation by numbers of other acts does not enact them:* 29 Ala. 52, 136; 83 S. C. 487; Suth. on Stat. Con., secs. 390, 88, 101; 35 N. Y. 449; 50 N. Y. 553; 101 N. Y. 294; 7 Cal. 231. *A corporation not compelled to serve anybody cannot condemn:* 80 S. C. 512; 70 L. R. A. 482; 15 Cyc. 581; 143 U. S. 578; Cool. Con. Lim. 771; 21 L. R. A., N. S. 413; 19 Id. 726; 63 S. E. 880; 10 Cyc. 157; 1 Thomp. on Corp., sec. 24; Lewis on Em. Dom., secs. 206, 540; 2 L. R. A., N. S. 822. *Difference between "public use" and "public benefit:"* 22 L. R. A., N. S. 45; Lewis on Em. Dom. 165; 31 Am. Dec. 313; 99 Am. St. R. 967; 31 Am. St. R. 501; 63 S. E. 880; 10 S. E. 405.

*Messrs. Horace L. Bomar* and *H. K. Osborne* cite: *Is the act of 1904 constitutional?* 83 S. C. 487; 76 S. C. 332; 71 S. C. 487. *Only corporations using their powers for public or quasi public purposes can condemn:* 113 U. S. 1; 164 U. S. 155, 417; 142 U. S. 254; 2 L. R. A., N. S. 850; 49 L. R. A. 788; 198 U. S. 361. *Private property can only be condemned for public use:* 71 S. C. 485; 99 Am. St. R. 964; 2 L. R. A., N. S. 842; 5 L. R. A., N. S. 672; 70 L. R. A. 472; 63 S. E. 880; 72 At. R. 902; 10 Ency. 1065; 198 U. S. 361; 149 Fed. 568; 54 S. E. 84.

*Messrs. Osborne, Lucas & Cocke, Nichols & Nichols* and *John Gary Evans,* contra, cite: *The legislature had the*

*power and expressly granted the right to condemn to
petitioner:* 19 Cyc. 1216; 18 S. C. 521; Lewis on Dom.,
sec. 285; 3 Ell. Priv. Corp., sec. 242; 17 W. Va. 866; 48
S. C. 49; 71 S. C. 544; 10 Ency. 1053; 73 S. W. 453;
31 S. W. 488; 98 N. Y. 553; 3 Clark & Mars. on Corp.,
sec. 480; 13 Ency. 840; 73 S. W. 453; 15 Cyc. 573; 114
N. W. 876; 7 Ala. 386; 26 Miss. 655; 37 Mo. 398; 12 N.
Y. 495; 24 Fed. 838. *The title of the act clearly indi-
cates the subject and contents:* 24 Stat. 489; 79 S. C. 91;
74 S. C. 448; 63 At. R. 697; 80 S. C. 332; 76 S. C. 331;
75 S. C. 560; 71 S. C. 485; 74 S. C. 448; 18 S. C. 464;
81 N. E. 657; 67 At. R. 958; 74 N. E. 985; 84 N. E. 865;
67 S. E. 656; Joyce on Franchises, sec. 245; 95 N. W.
46; 41 At. R. 942; 48 So. 391; 33 N. J. L. 350. *Refer-
ence to original act by number of original sections is suffi-
cient:* 82 S. C. 127; 4 Pac. 905; 36 Ill. 385; Lewis on Em.
Dom., sec. 404; 34 S. W. 738; 53 S. W. 727; 85 N. E.
513; 22 So. 761; 37 At. R. 869; 94 Pac. 631. *Express
power may be granted by reference to existing law:* 79
S. C. 91; 80 S. C. 332; 67 At. R. 958; 96 Pac. 110; 75
Pac. 337; 26 S. E. 278; 21 S. E. 357; 6 So. 638; 4 Pac.
905; 31 N. E. 1011; 37 Pac. 536; 14 Pac. 783; 78 Ala.
538; 52 Pac. 645; 26 Ency. 592; 108 N. W. 902; 75 Pac.
819; 81 S. W. 1061; 62 S. E. 969; Joyce on Franchises,
sec. 246; 15 S. E. 980; 36 Ill. 385; 31 N. E. 1011; 7 Hun.
39; 13 Abb. 410; 34 S. W. 738; 43 N. W. 832; 29 La.
Ann. 637; 6. So. 638; 50 Md. 245; 81 Md. 551; 66 N. W.
202; 30 S. W. 103; 22 N. W. 348; 63 N. W. 469; 37
Pac. 536; 15 S. E. 980; 82 S. C. 127; 44 At. R. 326. *The
act embraces but one subject:* 26 Ency. 572, 574; 4. S. C.
520; 23 S. C. 427; 71 S. C. 485; 76 S. C. 331; 74 S. C.
448; 83 S. C. 481; 15 S. C. 581; 16 S. C. 34; 22 S. C.
51; 23 S. C. 62; 24 S. C. 60; 41 S. C. 220; 42 S. C. 222;
44 S. C. 257; 14 Pac. 783-4; 27 Ency. 193; 44 N. E. 469;
40 Am. St. R. 878; 84 N. E. 865; 59 At. 948; 108 N.
W. 902; 14 Pac. 783; 6 So. 638; 26 Ency. 577; 16 Fla.

291; 37 Pac. 536; 75 Mo. 358; 46 Wis. 214; 60 N. Y. 507. *That the corporation is run for private gain is immaterial:* 71 S. C. 457; Lew. on Em. Dom., secs. 373, 374, 242, 253; 10 Ency. 1063-4; Thomp. on Corp., sec. 5589; 15 Cyc. 570, 575, 581, 582; Mills Em. Dom. 60; 22 Am. Dec. 679. *This power may be conferred on foreign corporations:* 39 N. Y. 171; 38 N. E. 378; 6 N. Y. Supp. 105; 10 N. W. 886; 26 So. 702; 108 S. W. 232; 22 Ohio State 411; 73 S. W. 453; 44 So. 166; 75 S. W. 725; 71 S. W. 829; 70 N. E. 357; 55 S. W. 117; 21 S. W. 210; 4 Cook on Corp., sec. 905; 15 N. E. 91; 6 Pa. Dist. E. 200; 138 Fed. 544; 57 S. W. 312; 61 S. W. 406; 88 Pac. 773; 94 Pac. 931; 46 S. E. 422; 19 Cyc. 1248; 13 Ency. 858; 1 Lewis Em. Dom., sec. 374. *The petitioner being subject to a public service commission is thereby made a public service corporation:* 110 U. S. 347; 5 N. E. 178; 146 Fed. 150; 100 N. Y. Supp. 81; 82 N. W. 626; 83 N. E. 693; 94 Ill. App. 406; 72 Fed. 952; 49 N. E. 121. *Public duty need not be expressly imposed:* 4 Cush. 60; Mills Em. Dom., secs. 14, 21; 43 N. J. 381; Keasly Elec. Wires, sec. 162; 112 N. W. 395; 22 Am. Dec. 679. *Petitioner's duty may be enforced by statute and courts will compel reasonable rates:* 18 S. C. 38; 62 S. E. 874; 61 S. C. 98; 122 N. C. 206; 58 At. R. 46; 18 S. C. 38; 12 Gray 393; 29 Pac. 873; 16 Fla. 623; 63 N. E. 1082; 16 S. E. 393; 168 U. S. 114. *The law requires substantial impartiality but not absolute equality of rates:* 108 N. W. 65; 63 N. E. 1082; 44 S. E. 410; 106 Ind. 1; 100 N. Y. Supp. 605; 49 N. E. 121; 44 Neb. 326; 57 L. R. A. 761; 57 At. 482; 8 Ohio St. 277; 110 U. S. 185; 43 Ohio St. 571; 123 Fed. 789; 159 Fed. 975. *The legislature determined the use to be public:* 5 N. E. 761; 64 S. W. 585; 26 Am. Dec. 631; 28 Pac. 274; 37 Pac. 621; 32 S. W. 271; 42 Ga. 500; 87 N. W. 849. *If not seen at first blush use is not public courts will not interfere:* Lewis on Em. Dom., sec. 158; Mills Em. Dom. 10; 10 Ency.

1070; 7 Ency. P. & P. 475; 15 Cyc. 581; 71 S. C. 485. *Generation and distribution of electricity is a public use:* 80 S. C. 512; 54 S. E. 85; 58 At. R. 46; 107 N. W. 404; 85 Pac. 344; 149 Fed. 568; 88 Pac. 773; 71 Pac. 1069; 99 N. Y. Supp. 109; 92 Id. 960; 97 Id. 853; 76 N. E. 1057; 57 At. 904; Cook on Corp., sec. 931; 46 Ore. 224; 69 Pac. 568; 23 Am. Dec. 756; 56 S. E. 664; 12 Cush. 475; 3 Fam. on Waters, sec. 697; 10 Ency. 1064; 78 Pac. 296; 47 N. H. 444; Kearby on El. Wires, sec. 161; 77 S. W. 868; 85 Pac. 344; 15 N. Y. Supp. 649; 112 N. W. 395.

May 23, 1911. The opinion of the Court was delivered by

Mr. Justice Gary. The petitioner herein, seeks a right of way, through the land of the defendant, under condemnation proceedings. In accordance with the practice in such cases, a jury was impanelled, and assessed the damages, to be paid by the petitioner, to the defendant. Both the petitioner and the defendant, appealed to the Circuit Court. The petitioner's grounds were sustained, but those of the defendant were overruled. The defendant then appealed to this Court upon exceptions which will be reported.

"When the right to institute condemnation proceedings, is contested, the proper remedy is, to bring an action in the Court of Common Pleas, in order that the Court may, in the exercise of its chancery powers, determine such right." *Water Co.* v. *Nunamaker,* 73 S. C. 550. In the case under consideration, the defendant did not bring an action to contest the petitioner's right to condemnation proceedings but raised the questions involved, on an appeal from the verdict of the jury. As no objection has been interposed, to the manner in which, the questions are presented we will not decline to consider them especially as they are of public interest.

The first question that will be considered, is, whether the petitioner, being a foreign corporation, without the power to condemn in the State of its origin, was empowered under the laws of this State, to exercise the right of condemnation. The petitioner's certificate of incorporation under the laws of the State of New Jersey, contains this provision:

"Nothing herein shall empower the said corporation to construct, maintain or operate railroads, telephone or telegraph lines, canals, turnpikes, or any other business which shall need to possess the right of taking and condemning lands, within the State of New Jersey; but nothing herein contained, shall prevent the taking and condemnation of lands, without the State of New Jersey."

Section 1790, chapter XLIV, of the Code of Laws, is as follows: "All and every such corporation, carrying on business or owning property in this State, shall be subject to the laws of the same, in like manner as corporations chartered, under the laws of this State." * * *

Section 1895, chapter XLVIII, of the Code of Laws, is as follows: "Corporations organized for any purpose, under the provisions of this article, shall have power to construct and operate a railroad, electric railway, tramway, turnpike or canal, for their own use and purposes, and shall have the right to effect a crossing, with any existing railroad or public roads, as is now provided by law for railroad corporations; but they shall have no power to condemn lands, except for crossing any existing railroad or public road, as herein provided."

The act of 1904, page 489, is as follows: "An act to grant unto electric lighting and power companies all the rights, powers, and privileges, subject to the same duties and liabilities, as are conferred upon telegraph and telephone companies, under sections 2211, 2212, 2213, 2214, 2215, 2216, 2217, 2218 and 2219, of the Civil Code of

South Carolina, and to amend said section 2211, by adding another proviso, at the end thereof.

Section 1. "Be it enacted by the General Assembly of the State of South Carolina, that, subject to the same duties and liabilities, all the rights, powers and privileges conferred upon telegraph and telephone companies, under sections 2211, 2212, 2213, 2214, 2215, 2216, 2217, 2218 and 2219, of the Civil Code of South Carolina, be, and the same are hereby, granted unto electric lighting and power companies, incorporated under the laws of this State, or any other State, upon complying with the laws of this State, regulating foreign corporations, and by becoming a domestic corporation.

Sec. 2. "That section 2211 of the Code of laws of South Carolina, 1902, be, and the same is hereby, amended by adding the following additional proviso at the end thereof, to wit: *Provided, further,* That no telegraph, telephone, electric light or power wire, shall be erected or maintained, within fifty yards of any public road or highway in this State, unless the same, shall be so constructed, erected and maintained and provided, with sufficient lighting guards or arresters (and in case of electric light or power wires, with such automatic cut offs, and other devices), as may be necessary for the protection of persons and property." Then follows the penal clause.

It will thus be seen, that section 1790 of the Code of Laws, shows, that the petitioner was subject to the laws of South Carolina, in like manner as corporations chartered, under the laws of this State. And, the act of 1904 not only confers upon electric lighting and power companies, incorporated under the laws of this State, the privileges therein mentioned, but, also, upon those companies, incorporated under the laws of any State, which have complied with the laws of this State, regulating foreign corporations, by which they become domestic corporations. The petition alleges and it is not denied, that the petitioner became a

domestic corporation, under the laws of this State, regulating foreign corporations. As it is clearly the intention of the act of 1904, to confer upon electric lighting and power companies, whether incorporated under the laws of this State, or domesticated under its laws, the right to resort to condemnation proceedings, and, as the provisions of this act, are inconsistent with section 1895 of the Code of Laws, it must be regarded as repealed, by necessary implication.

The exceptions raising this question are overruled.

The next question for consideration, is, whether the presiding Judge erred in ruling, that the title of said act, was not obnoxious to art. III, section 17, of the Constitution, which is as follows: "Every act or resolution, having the force of law, shall relate to but one subject, and that shall be expressed in the title."

The purpose of this provision is stated in Cooley's Con. Lim., pages 171-2, to be: "First, to prevent hodge-podge, or log-rolling legislation; second, to prevent surprise or fraud upon the legislature, by means of provisions in bills, of which the title gave no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and third, to fairly apprise the people, through such publication of legislative proceedings, as is usually made, of the subjects of legislation, that are being considered, in order that they may have opportunity, of being heard thereon, by petition or otherwise, if they shall so desire.

"The generality of a title is, therefore, no objection to it, so long as it is not made a cover to legislation, incongruous, in itself, and which by no fair intendment, can be considered as having a necessary or proper connection."

On page 175 the author also says: "There has been a general disposition, to construe the constitutional provision liberally, rather than to embarrass legislation by a construction, whose strictness is unnecessary, to the accomplish-

ment of the beneficial purpose for which it has been adopted."

"When an act of the legislature expresses in its title the object of the act, the title embraces and expresses any lawful means to achieve the object, thus fulfilling the constitutional injunction, that every law shall embrace but one subject, and that shall be expressed in its title." This language was used by the Court, in *San Antonio* v. *Lane,* 32 Tex. 402, and adopted in *Charleston* v. *Oliver,* 16 S. C. 47, and *San Antonio* v. *Mehaffey,* 96 U. S. 315.

In *Connor* v. *Ry.,* 23 S. C. 427, the Court had under consideration, the constitutionality of an act, entitled, "An act to incorporate the Green Pond, Walterboro and Branchville Railroad Company," by which, power was conferred upon the county commissioners, to issue bonds in subscription, to the capital stock of this railway. The act was declared to be constitutional.

In commenting on that case the Court, in *Floyd* v. *Perrin,* 30 S. C. 1, used this language: "The principle upon which it was held that the act was constitutional, was, that the authority granted to the county, to subscribe to the railway, was a means to achieve the object, expressed in the title of the act, and, therefore, was germane to that object. So it appears to us, that declaring the township a corporate body, with power to tax in aid of the Greenville and Port Royal Railroad, was contributory to, and furnished means to achieve, the object of the act, as expressed in the title." See also *Riley* v. *Union Station Co.,* 71 S. C., 457; *State* v. *O'Day,* 74 S. C., 448; *Park* v. *Cotton Mills,* 75 S. C. 560; *Aycock Little Co.* v. *Ry.,* 76 S. C. 331; *Buist* v. *Charleston,* 77 S. C. 260; *State* v. *Hunter,* 79 S. C. 91, and *Jelico* v. *Commissioners,* 83 S. C. 481.

The subject of the act, is the granting of certain rights, powers and privileges, to electric lighting and power companies. That part of the title describing those rights, privileges and powers, to be such as are conferred upon tele-

graph and telephone companies, under the sections of the Code of Laws therein mentioned, was not another "subject," but was intended merely to explain, the nature of the powers conferred upon those companies; and, really, was unnecessary.    Nor was that portion of the title, amending section 2211, by adding a proviso at the end thereof, another "subject;" but was merely intended to provide a method, to achieve the object expressed in the title of the act, and, therefore, was germane to that object.

To the extent that the legislature may refer, even to the provisions of a repealed statute and adopt them, the repealed statute is thereby re-enacted, and, to that extent, is as much the law, as if its provisions were set out, in the new statute.    *Lyles* v. *McCown,* 82 S. C. 127.

Therefore, it cannot be successfully contended, that the act was rendered invalid, by reason of the fact, that the title referred to the provisions in another statute, which could be adopted, without setting them out, in the body of the act.

The exceptions raising this question are overruled.

The next question that will be considered, is, whether there was error, on the part of the Circuit Judge in ruling, that the land was subject to condemnation for a right of way, other than for a public purpose.

This question has lately, undergone judicial discussion so frequently, that we deem it only necessary, to cite the following cases, to show that the exceptions raising this question cannot be sustained.    *Boyd* v. *Granite Co.,* 66 S. C. 433; *Wilson* v. *Alderman,* 69 S. C. 176; *Riley* v. *Union Station Co.,* 71 S. C. 457; *Alderman* v. *Wilson,* 77 S. C. 165; *McMeekin* v. *Power Co.,* 80 S. C. 512; *Williams* v. *Gold Mine Co.,* 85 S. C. 1.

The appellant's attorneys were granted permission to review these cases, in so far as this question was involved, but after careful consideration, the Court adheres to the doctrine, therein announced.

These views practically dispose of all the questions, now presented to the Court for determination.

Appeal dismissed.